**Jose Salomon ARREOLA, Appellant,**

v.

**The STATE of Texas, Appellee.**

Nos. 01–05–00287–CR, 01–05–00288–CR, 01–05–00320–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 3, 2006.

Jose Salomon Arreola, Lovelady, TX, pro se.

Mark W. Bennett, Bennett & Bennett, Houston, TX, for Appellant.

John J. Harrity, III, Assistant District Attorney–Fort Bend County, Richmond, TX, for Appellee.

Panel consists of Justices KEYES, ALCALA, and BLAND.

## OPINION

ELSA ALCALA, Justice.

Appellant, Jose Salomon Arreola, appeals from a judgment of conviction for the first-degree felony of aggravated sexual assault [1] and the second-degree felony of indecency with a child.[2] *See* TEX. PEN. CODE ANN. § 22.021 (Vernon Supp.2005) (aggravated sexual assault); *id.* § 21.11 (Vernon 2003) (indecency with a child). In addition, appellant appeals from the trial court's denial of his application for a writ of habeas corpus.[3] Appellant's sole issue in each appeal challenges the voluntariness of his guilty plea. We conclude that the trial court did not err by denying appellant's application for writ of habeas corpus because appellant did not meet his burden of proving that his plea was involuntarily entered. We also conclude that appellant may not challenge the voluntariness of his original guilty plea in the direct appeals of the trial court's judgment that adjudicated his guilt. We therefore affirm the judgment of conviction and the order denying habeas corpus relief.

## Procedural Background

In February 2002, appellant pleaded guilty to two counts of an indictment that charged him with aggravated sexual assault and indecency with a child by con-

tact. The trial court admonished appellant about the consequences of entering his plea of guilty, accepted his pleas of guilty, and sentenced him to 10 years' deferred adjudication community supervision in February 2002. Appellant did not appeal the trial court's order that placed him on deferred adjudication. In July 2003, the State filed motions to adjudicate guilt, which asserted that appellant had violated conditions of his community supervision by committing a criminal offense.

In response to the State's motion to adjudicate guilt, appellant filed an application for writ of habeas corpus, alleging that his guilty plea in February 2002 was involuntary because his counsel at the time rendered ineffective assistance by misinforming appellant of the consequences of his guilty plea. The trial court held an evidentiary hearing on appellant's application for writ of habeas corpus and denied it.

Following the denial of the application, appellant pleaded true to the allegations in the motions to adjudicate guilt. The trial court accepted appellant's pleas of true and, after having heard evidence and argument on the issue of punishment, assessed appellant's punishment at 20 years in prison and a $10,000 fine for the aggravated sexual assault and at five years in prison and a $2,000 fine for the indecency with a child, with the sentences to run consecutively.

## The Direct Appeals

■ In the two direct appeals, appellant challenges his original plea of guilty

---

1. Trial court cause number 34059A, Count I, and appellate cause number 01–05–00288–CR.

2. Trial court cause number 34059A, Count II, and appellate cause number 01–05–00320–CR.

3. Trial court cause number 34059AHC and appellate cause number 01–05–00287–CR.

that resulted in the trial court's order that placed him on deferred adjudication community supervision. A defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding, such as evidentiary sufficiency, only in appeals taken when deferred adjudication is first imposed. *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex.Crim.App.1999). The record shows that appellant did not appeal the trial court's order that deferred the adjudication of his guilt and, therefore, failed to challenge the voluntariness of his original plea of guilty when deferred adjudication community supervision was imposed. We hold that appellant cannot challenge the voluntariness of his original pleas of guilty after the trial court has adjudicated his guilt. *See id.* We, therefore, dismiss the appellant's direct appeals in cause numbers 01–05–00288–CR and 01–05–00320–CR for want of jurisdiction.

## The Appeal from the Denial of a Writ of Habeas Corpus

### *Jurisdiction*

■ Article 11.072 "establishes the procedures for an application for a writ of habeas corpus in a felony or misdemeanor case in which the applicant seeks relief from an order or a judgment of conviction ordering community supervision." Tex. Code Crim. Proc. Ann. art. 11.072, § 1 (Vernon 2005). The code provides that at "the time the application is filed, the applicant must be, or have been, on community supervision, and the application must challenge the legal validity of: (1) the conviction for which or order in which community supervision was imposed; or (2) the conditions of community supervision." *Id.*, art. 11.072, § 2(b) (Vernon 2005). "In mak-

ing its determination, the trial court may order affidavits, depositions, interrogatories, or a hearing, and may rely on the trial court's personal recollection." *Id.*, art. 11.072, § 6(b) (Vernon 2005). The trial court "shall enter a written order including findings of fact and conclusions of law." *Id.*, art. 11.072, § 7 (Vernon 2005). If the trial court denies the application "in whole or in part, the applicant may appeal under Article 44.02 and Rule 31, Texas Rules of Appellate Procedure." [4] *Id.*, art. 11.072, § 8 (Vernon 2005).

■ Appellant's application for writ of habeas corpus, which was filed while appellant was on community supervision, challenges the trial court's order that deferred the adjudication of his guilt by asserting that his pleas of guilty were involuntarily entered. *See id.*, art. 11.072, § 2(b). Appellant's application for writ of habeas corpus was thus a pre-conviction application, the denial of which intermediate courts of appeals have jurisdiction to review. *See Kniatt v. State*, 206 S.W.3d 657 (Tex.Crim.App.2006) (holding that court of appeals had jurisdiction to hear pre-conviction application for writ of habeas corpus that was filed by applicant while applicant was on deferred adjudication community supervision even though trial court did not rule on application until after applicant was adjudicated guilty). We, therefore, hold that we have jurisdiction over appellant's appeal from the denial of his application for a writ of habeas corpus.

### *Voluntariness of Original Guilty Plea*

In his application for writ of habeas corpus, appellant asserts that his pleas of guilty were involuntary because his trial counsel erroneously informed him (1) that

---

4. Article 44.02 provides the rules governing appellate review by courts of appeals. Tex. Code Crim. Proc. Ann. Art. 44.02 (Vernon 1979 & Supp.2005). Rule 31 provides the rules controlling appeals in habeas corpus proceedings. Tex.R.App. P. 31.

his community supervision could be terminated after two or three years, (2) that his record could be expunged, and (3) that he would have to register as a sex offender only for the duration of his community supervision.

In reviewing a trial court's decision to grant or to deny habeas corpus relief, an appellate court reviews the facts in the light most favorable to the trial court's ruling and upholds that ruling absent an abuse of discretion. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex.Crim.App.2003). An appellate court should give almost total deference to a trial court's determination of historical facts that are dependent upon an evaluation of credibility and demeanor. *Id.* A trial court may accept or reject all or part of the testimony of any witness. *Id.* at 819 n. 68.

A record that indicates that the trial court properly admonished the defendant presents a prima facie showing that the guilty plea was made voluntarily and knowingly. *See Martinez v. State*, 981 S.W.2d 195, 197 (Tex.Crim.App.1998); *Soto v. State*, 837 S.W.2d 401, 405 (Tex. App.-Dallas 1992, no pet.). When the record presents a prima facie showing that the plea was voluntary and knowing, the burden shifts to the defendant to show that he entered the plea without understanding the consequences. *Edwards v. State*, 921 S.W.2d 477, 479 (Tex.App.-Houston [1st Dist.] 1996, no pet.). An accused who attests when he enters his plea of guilty that he understands the nature of his plea and that it is voluntary has a heavy burden on appeal to show that his plea was involuntary. *Id.; Dusenberry v. State*, 915 S.W.2d 947, 949 (Tex.App.-Houston [1st Dist.] 1996, pet. ref'd). The defendant's uncorroborated testimony that he was misinformed by counsel is not sufficient to show that his plea was involuntary. *Fimberg v. State*, 922 S.W.2d 205, 208 (Tex.App.-Houston [1st Dist.] 1996, pet. ref'd).

A guilty plea is not voluntary if made as a result of ineffective assistance of counsel. *Ex parte Burns*, 601 S.W.2d 370, 372 (Tex.Crim.App.1980). To prevail on a claim of ineffective assistance of counsel, the defendant must show that trial counsel's performance was deficient and that a reasonable probability exists that the result of the proceeding would have been different but for the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The first prong of the *Strickland* test requires that the defendant show that counsel's performance fell below an objective standard of reasonableness. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex.Crim.App. 1999). Thus, the defendant must prove objectively, by a preponderance of the evidence, that trial counsel's representation fell below professional standards. *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex.Crim. App.2002). The second prong requires that the defendant show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068; *Thompson*, 9 S.W.3d at 812. Under the first prong, however, a reviewing court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. Any allegation of ineffectiveness must be firmly founded in the record, and the record must demonstrate affirmatively the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 813.

In the context of a claim that the defendant's plea is involuntary due to ineffective assistance of counsel, the defendant must show (1) that counsel's advice was outside the range of competency de-

manded of attorneys in criminal cases and (2) that, but for counsel's erroneous advice, the defendant would not have pleaded guilty and would instead have gone to trial. *Ex parte Moody*, 991 S.W.2d 856, 857–58 (Tex.Crim.App.1999). In assessing counsel's competence, we presume that counsel has knowledge of legal principles that are neither novel nor unsettled. *Ex parte Welch*, 981 S.W.2d 183, 185 (Tex.Crim.App. 1998). Trial counsel who fails to inform a defendant about the direct, punitive consequences of a guilty plea provides ineffective assistance. *See Jackson v. State*, 139 S.W.3d 7, 19 (Tex.App.-Fort Worth 2004, pet. ref'd).

■■■ Appellant first contends that he did not voluntarily plead guilty because his trial counsel erroneously advised him that his community supervision could be terminated after only two or three years and that the community supervision would not appear on appellant's record after it was completed. Aggravated sexual assault of a child and indecency with a child by contact are both "sexually violent offenses." TEX. CODE CRIM. PROC. ANN. art. 62.001(6)(A) (Vernon Supp.2005). A deferred adjudication order for either offense is a "reportable conviction or adjudication." *Id.* art. 62.001(5)(A). A reportable conviction or adjudication requires registration as a sex offender for life. *Id.* art. 62.101(a)(1) (Vernon Supp.2005). Additionally, deferred adjudication community supervision for a sex-offender-registration offense cannot be terminated early, *id.* art. 42.12, § 5(c) (Vernon Supp.2005), and cannot be expunged from a person's record. *Id.* art. 55.01(a)(2)(B)(Vernon Supp.2005).

Appellant presented testimony at the habeas corpus hearing that suggested that his trial attorney had failed to admonish him adequately concerning the conse-

quences of his pleas of guilty. Ron Solanic, appellant's friend and business partner, testified that he had heard appellant's attorney tell appellant, on the day that appellant pleaded guilty, that nothing would appear on appellant's record. Solanic, however, was unaware of what else was discussed. Appellant and appellant's wife testified that appellant's trial attorney had represented to appellant that, after several years, the case would be dropped and cleared from appellant's record if appellant pleaded guilty, received deferred adjudication community supervision, and performed the conditions of community supervision. Neither Solanic nor appellant's wife was present when the court admonished appellant during appellant's pleas of guilty. Additionally, appellant testified that his attorney had told him that the duty to register as a sex offender existed only during the period that appellant remained on community supervision, failing to explain that appellant would be required to register for the remainder of his life.

In contrast to the testimonial evidence presented at the habeas corpus hearing, the written documentation supporting appellant's original guilty pleas shows that appellant's pleas were voluntarily entered.[5] The record shows that appellant and his attorney received written admonishments from the trial court when he pleaded guilty to the offenses, which admonishments they each acknowledged with their signatures. Appellant also received written "Supplemental Admonitions to the Defendant for Sex Offender Registration Requirements." The supplemental admonitions specifically stated, "For certain offenses the duty to register [as a sex offender] is for the remainder of the defendant's life." Included in the enumerated offenses were "indecency with a child" and "sexual assault"—the two crimes to which appellant pleaded

5. Appellant waived the right to have a court reporter record his plea of guilty.

guilty. Further, in the written admonishments, appellant affirmed that his plea was voluntary and that he was "not relying on any advice, information or agreement not made known to the Court." In "Defendant's Guilty Plea," appellant acknowledged under oath that he understood all of the admonishments and the consequences of his plea. He also swore that he was "not relying on any advice, information or agreement not made known to the Court." Appellant also affirmed in these written admonishments that his plea was "not influenced by any advice or information delivered by ... Defendant's attorney ... regarding the sex offender registration requirements. The Defendant would have plead [sic] guilty or nolo contendere regardless of the requirements."

We hold that the record presents a prima facie showing that the guilty pleas were made voluntarily and knowingly by appellant. *See Edwards,* 921 S.W.2d at 479. We further hold that appellant has failed to show that he entered the pleas without understanding the consequences. *See id.* Because the written documentation supporting appellant's guilty pleas establishes that appellant's pleas were made voluntarily and knowingly by appellant, the trial court was within its discretion to disbelieve any part or all of the testimony from the witnesses who asserted that appellant had been inadequately admonished by his trial attorney. *See Peterson,* 117 S.W.3d at 819 n. 68. Appellant has thus failed to meet his burden of proof to show that he entered his guilty pleas without understanding the consequences that his community supervision would not be terminated early or expunged.

■ Appellant also asserts that his plea was involuntary because his trial counsel erroneously informed him that he would have to register as a sex offender only during the period of his community supervision, when he is instead required to register for his entire life. Appellant contends that counsel's misstatement was ineffective assistance because it did not inform appellant of a direct punitive consequence of his guilty plea. *See Jackson,* 139 S.W.3d at 19. Sex offender registration, however, is not a punitive measure, but a remedial one. *Mitschke v. State,* 129 S.W.3d 130, 136 (Tex.Crim.App.2004). In addition, the only evidence of counsel's purported misrepresentation is appellant's testimony. Appellant's uncorroborated testimony that he was misinformed by counsel does not meet his burden to show that his plea was involuntary. *See Fimberg,* 922 S.W.2d at 208. Moreover, as noted above, the written documents signed by appellant at the time that he pleaded guilty state that his plea was "not influenced by any advice or information delivered by ... Defendant's attorney ... regarding the sex offender registration requirements," and that he "would have plead [sic] guilty or nolo contendere regardless of the [sex offender] requirements." Additionally, the "Supplemental Admonitions to the Defendant for Sex Offender Registration Requirements" stated that the duty to register as a sex offender was for the remainder of appellant's life. Appellant has thus failed to meet his burden of proof to show that he made his guilty pleas without understanding the consequence that he would have to register as a sex offender for the rest of his life. *See Edwards,* 921 S.W.2d at 479.

We hold that the trial court did not err in denying appellant's application for writ of habeas corpus. We overrule appellant's sole issue presented in this appeal.

### Conclusion

In cause numbers 01–05–00288–CR and 01–05–00320–CR, Counts I and II, the direct appeals from the convictions in trial

court cause number 34059A, we dismiss the appeals for want of jurisdiction. In cause number 01–05–00287–CR, the appeal of the trial court's denial of the application for writ of habeas corpus in trial court cause number 34059AHC, we affirm the order of the trial court.