Opinion issued March 26, 2009











In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00617-CR




JESUS REYES, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 405th District Court
Galveston County, Texas
Trial Court Cause No. 06CR2756-83-2




MEMORANDUM OPINION
          Appellant, Jesus Reyes, pleaded guilty to the third-degree felony of assault
causing bodily injury (family violence). See Tex. Penal Code Ann. § 22.01(a)(1),
(b)(2) (Vernon Supp. 2008). There was an agreed recommendation as to punishment
of seven years’ probation. The trial court sentenced appellant to seven years’
community supervision. Appellant filed an application for a post-conviction writ of
habeas corpus, which the trial court denied. See Tex. Code Crim. Proc. Ann. art.
11.072 (Vernon 2005) (allowing application to be made by person who is, or has
been, on community supervision). In one issue, appellant challenges the trial court’s
denial of his application for writ of habeas corpus, alleging that he received
ineffective assistance of counsel in association with his guilty plea.
          We affirm.
                    Background
          While at the beach in Galveston, appellant got into a fight with his ex-wife. 
According to the police report, appellant admitted to pushing her, putting his hands
around her neck, and attempting to pull her tongue out with pliers “in order to make
her be quiet.” These statements were captured on police video after the police read
appellant his Miranda rights. Appellant also told the police that he was acting in self-defense and had called 9-1-1. Appellant’s ex-wife said that she fought back and bit
appellant because she feared for her life. The police report noted that appellant had
injuries consistent with a “hickey” and had bite marks on his finger, which were not
serious. Appellant’s ex-wife had injuries consistent with her account of the assault,
which required medical attention. The police also found a pair of pliers with blood
on them.
          After signing a written admonishment, appellant pleaded guilty with an agreed
recommendation of seven years of community supervision. He later filed an
application for writ of habeas corpus, claiming that his ex-wife had instigated the
fight and that he had merely defended himself after calling 9-1-1 three times. 
Appellant argued that he received ineffective assistance of counsel because his trial
attorney did not investigate his claim that he acted in self-defense or advise him “that
he ha[d] an actual defense to work with.”
          In response to a court order, appellant’s trial attorney filed a four-page affidavit
reviewing the facts of the underlying case and explaining the advice she gave him.


 
She stated that a jury was unlikely to believe appellant’s self-defense claim,
regardless of who called 9-1-1. She advised him that his violent history with his ex-wife, including a threat he allegedly made during the pendency of the underlying
case, would be presented to the jury. Finally, she advised him that a guilty plea
would subject him to deportation and recommended that he seek advice from an
immigration lawyer.
          Relying on appellant’s trial counsel’s affidavit, the trial court found that a fact-finding hearing was unnecessary and denied appellant’s application for writ of habeas
corpus. 
Ineffective Assistance of Counsel
          In reviewing a trial court’s decision to grant or deny habeas corpus relief, we
review the facts in the light most favorable to the trial court’s ruling and uphold that
ruling absent an abuse of discretion. Kniatt v. State, 206 S.W.3d 657, 664 (Tex.
Crim. App. 2006); Arreola v. State, 207 S.W.3d 387, 391 (Tex. App.—Houston [1st
Dist.] 2006, no pet.). “An applicant seeking habeas corpus relief on the basis of an
involuntary guilty plea must prove his claim by a preponderance of the evidence.”
Kniatt, 206 S.W.3d at 664 (citing Ex parte Morrow, 952 S.W.2d 530, 535 (Tex. Crim.
App. 1997)). When a defendant challenges the voluntariness of a plea entered upon
the advice of counsel, contending that his counsel was ineffective, the voluntariness
of the plea depends on (1) whether counsel’s advice was within the range of
competence demanded of attorneys in criminal cases and, if not, (2) whether there is
a reasonable probability that, but for counsel’s errors, he would not have pled guilty
and would have insisted on going to trial. Ex parte Moody, 991 S.W.2d 856, 857–58
(Tex. Crim. App. 1999) (applying Strickland v. Washington, 466 U.S. 668, 694, 104
S. Ct. 2052, 2068 (1984)); see Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim.
App. 1999) (stating that Strickland should be considered “controlling authority for
all ineffective assistance of counsel claims”). Ordinarily, the appellate record is
undeveloped and cannot adequately reflect the motives behind trial counsel’s actions. 
Salinas v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005). Therefore, “any
allegation of ineffectiveness must be firmly founded in the record, and the record
must affirmatively demonstrate the alleged ineffectiveness.” Id.
          Appellant argued to the trial court, as he does here, that his trial counsel failed
to investigate his claim of self-defense. Appellant confessed to the police officers
and asserted he had acted in self-defense. Appellant’s trial counsel’s affidavit makes
clear that she discussed the viability of a self-defense claim with appellant: she told
appellant that she did not think a Galveston jury would find that he was justified in
trying to pull out his ex-wife’s tongue. Furthermore, her affidavit shows that she
asked appellant about any other facts or circumstances that would have justified his
behavior. By doing so, she was investigating whether any other affirmative defenses
might have been available to appellant. Unlike most cases, the record in this case is
developed by appellant’s trial counsel’s affidavit, which showed that trial counsel’s
advice was within the range of competence demanded of attorneys in criminal cases. 
We hold that appellant did not receive ineffective assistance of counsel in connection
with his guilty plea and, thus, the trial court did not err in denying appellant’s
application for writ of habeas corpus. We overrule appellant’s sole issue.
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                             Jim Sharp
                                                             Justice

Panel consists of Justices Taft, Bland, and Sharp.

Do not publish. Tex. R. App. P. 47.2(b).