COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-365-CR

 

 

PASCUAL JEROME FLANNERY, JR.                                        APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 371ST
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

After entering an open plea of guilty to the
trial court, appellant Pascual Jerome Flannery appeals his conviction and
twelve-year sentence for aggravated assault. 
We affirm.








After a grand jury indicted appellant for
aggravated assault with a deadly weapon, appellant signed written plea
admonishments, including a judicial confession, and entered an open plea of
guilty.  Prior to the hearing on
punishment, appellant submitted handwritten pro se documents entitled ADefendant[>s]
Motion to Withdraw Plea of Guilty@ and AFundamentally
Defective Indictment.@[2]  Appellant=s trial
counsel thereafter filed a motion to withdraw as attorney of record.  After hearing evidence on punishment, the
trial court sentenced appellant to twelve years=
confinement.








In a single point, appellant claims that his plea
was involuntary.  In determining the
voluntariness of a guilty plea, we examine the entire record.[3]  When the record indicates that the trial
court properly admonished the defendant, there exists  prima facie evidence that the plea was made
voluntarily and knowingly.[4]  The burden then shifts to the defendant to
show that he entered the plea without understanding the consequences.[5]  Once a defendant attests that he understands
the nature of his plea and that it was voluntary, he has a heavy burden to
prove that his plea was involuntary.[6]

Appellant does not dispute that the record shows
that he pleaded guilty to the trial court after being properly admonished as to
the consequences of his plea.[7]  The written admonishments, which bear his and
his attorney=s signatures, affirm that
appellant=s plea was Aknowingly,
freely, and voluntarily entered@ and
that appellant understood the consequences. 
Thus, a prima facie showing exists that appellant=s guilty
plea was voluntary, and the burden shifts to appellant to show that it was
involuntary.








The thrust of appellant=s claim
is that his motion to withdraw his guilty plea effectively rebuts the prima
facie showing of voluntariness.  In the
motion, he claims that he was innocent of the charged offense, that he did not
understand the charge or the range of punishment, that he was unaware of a
defense that would have been available at trial, and that his guilty plea was
entered as a result of fear or fraud. 
The mere existence of appellant=s
motion, however, does not rebut the prima facie showing of voluntariness.  A motion is a mere pleadingCit is not
evidence.[8]  Thus, appellant has presented no evidence
showing that his plea was involuntary. 
In fact, at the punishment hearing, appellant testified, did not assert
that his plea had been entered involuntarily, and admitted committing the
offense.

Based on our review of the record as a whole, we
hold that appellant has not met his burden of showing that his plea was
involuntary.  The record affirmatively
shows that he was properly admonished and understood the consequences of his
plea.  His subsequent attempt to withdraw
his plea does not render it involuntary. 
We overrule appellant=s sole
issue and affirm the trial court=s
judgment.

 

PER CURIAM

PANEL:  CAYCE, C.J.; MCCOY and
MEIER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  September 10, 2009











[1]See Tex. R. App. P. 47.4.





[2]Although neither document
was file-marked, both are contained in the clerk=s record.





[3]Cantu v. State, 988 S.W.2d 481, 484
(Tex. App.CHouston [1st Dist.] 1999,
pet ref=d).





[4]Martinez v. State, 981 S.W.2d 195, 197
(Tex. Crim. App. 1998); Arreola v. State, 207 S.W.3d 387, 391 (Tex. App.CHouston [1st Dist.] 2006,
no pet.).





[5]Arreola, 207 S.W.3d at 391.





[6]Kniatt v. State, 206 S.W.3d 657, 664 (Tex.
Crim. App.), cert. denied, 549 U.S. 1052 (2006) (stating such sworn
admonishments constitute Aa formidable barrier in
any subsequent collateral proceedings@); Acosta v. State, 160 S.W.3d 204, 211
(Tex. App.CFort Worth 2005, no
pet.).





[7]See Tex. Code Crim. Proc.
Ann. art. 26.13 (Vernon 2009).  The
admonishments include, among others, that the defendant is advised of the range
of punishment attached to the offense; that no guilty plea shall be accepted unless
defendant is mentally competent; and that the plea is free and voluntary.  Id.





[8]See Jackson v. State, 139 S.W.3d 7, 20 (Tex.
App.CFort Worth 2004, pet. ref=d) (holding affidavit
attached to motion for new trial and not introduced at hearing is not
evidence).