

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

NO. 2-08-365-CR

PASCUAL JEROME FLANNERY, JR.                    APPELLANT

V.

THE STATE OF TEXAS                                      STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

After entering an open plea of guilty to the trial court, appellant Pascual Jerome Flannery appeals his conviction and twelve-year sentence for aggravated assault.  We affirm.

After a grand jury indicted appellant for aggravated assault with a deadly weapon, appellant signed written plea admonishments, including a judicial

---

[1] _..._ _See_ Tex. R. App. P. 47.4.

confession, and entered an open plea of guilty. Prior to the hearing on punishment, appellant submitted handwritten pro se documents entitled "Defendant['s] Motion to Withdraw Plea of Guilty" and "Fundamentally Defective Indictment."[2] Appellant's trial counsel thereafter filed a motion to withdraw as attorney of record. After hearing evidence on punishment, the trial court sentenced appellant to twelve years' confinement.

In a single point, appellant claims that his plea was involuntary. In determining the voluntariness of a guilty plea, we examine the entire record.[3] When the record indicates that the trial court properly admonished the defendant, there exists prima facie evidence that the plea was made voluntarily and knowingly.[4] The burden then shifts to the defendant to show that he entered the plea without understanding the consequences.[5] Once a defendant

---

[2] ... Although neither document was file-marked, both are contained in the clerk's record.

[3] ... *Cantu v. State*, 988 S.W.2d 481, 484 (Tex. App.—Houston [1st Dist.] 1999, pet ref'd).

[4] ... *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998); *Arreola v. State*, 207 S.W.3d 387, 391 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

[5] ... *Arreola*, 207 S.W.3d at 391.

attests that he understands the nature of his plea and that it was voluntary, he has a heavy burden to prove that his plea was involuntary.[6]

Appellant does not dispute that the record shows that he pleaded guilty to the trial court after being properly admonished as to the consequences of his plea.[7] The written admonishments, which bear his and his attorney's signatures, affirm that appellant's plea was "knowingly, freely, and voluntarily entered" and that appellant understood the consequences. Thus, a prima facie showing exists that appellant's guilty plea was voluntary, and the burden shifts to appellant to show that it was involuntary.

The thrust of appellant's claim is that his motion to withdraw his guilty plea effectively rebuts the prima facie showing of voluntariness. In the motion, he claims that he was innocent of the charged offense, that he did not understand the charge or the range of punishment, that he was unaware of a defense that would have been available at trial, and that his guilty plea was

---

[6] *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App.), *cert. denied*, 549 U.S. 1052 (2006) (stating such sworn admonishments constitute "a formidable barrier in any subsequent collateral proceedings"); *Acosta v. State*, 160 S.W.3d 204, 211 (Tex. App.—Fort Worth 2005, no pet.).

[7] *See* Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon 2009). The admonishments include, among others, that the defendant is advised of the range of punishment attached to the offense; that no guilty plea shall be accepted unless defendant is mentally competent; and that the plea is free and voluntary. *Id.*

entered as a result of fear or fraud. The mere existence of appellant's motion, however, does not rebut the prima facie showing of voluntariness. A motion is a mere pleading—it is not evidence.[8] Thus, appellant has presented no evidence showing that his plea was involuntary. In fact, at the punishment hearing, appellant testified, did not assert that his plea had been entered involuntarily, and admitted committing the offense.

Based on our review of the record as a whole, we hold that appellant has not met his burden of showing that his plea was involuntary. The record affirmatively shows that he was properly admonished and understood the consequences of his plea. His subsequent attempt to withdraw his plea does not render it involuntary. We overrule appellant's sole issue and affirm the trial court's judgment.

PER CURIAM

PANEL: CAYCE, C.J.; MCCOY and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: September 10, 2009

---

[8] *See Jackson v. State*, 139 S.W.3d 7, 20 (Tex. App.—Fort Worth 2004, pet. ref'd) (holding affidavit attached to motion for new trial and not introduced at hearing is not evidence).