Appeal Dismissed and Memorandum Opinion filed June 10, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00210-CR

___________________

 

Fronshua Washington, Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the 182nd District Court

Harris County,
Texas



Trial Court Cause No. 1116217

 



 

 

MEMORANDUM OPINION

            Appellant entered a plea of guilty to robbery.  The
trial court deferred adjudicating guilt and placed appellant under community
supervision for five years.  Subsequently, the State moved to adjudicate. 
Appellant entered a plea of “true” to seven allegations of violating his conditions
of community supervision, and “not true” to three other allegations.  A hearing
was held and the trial court found all allegations true and proceeded to
adjudicate guilt.  On February 1, 2010, the trial court sentenced appellant to
confinement for twenty (20) years in the Texas Department of Criminal Justice,
Institutional Division, and fined appellant $500.  Appellant filed a notice of
appeal.

            The
only issue raised in appellant’s brief relates to his original plea of guilty. 
Specifically, appellant claims he was not properly admonished and therefore his
plea was not involuntary.

A defendant placed on
deferred adjudication community supervision may raise issues relating to the
original plea proceeding only in an appeal taken when the deferred adjudication
community supervision is first imposed.  See Manuel v. State, 994 S.W.2d
658, 661-62 (Tex. Crim. App. 1999).  Issues relating to the original plea
proceeding may not be raised after community supervision is revoked and appellant
is adjudicated.  Id.  Appellant cannot challenge the voluntariness of
his original plea of guilt after the trial court has adjudicated guilt.  See
Arreola v. State, 207 S.W.3d 387, 389 (Tex. App. – Houston [1st Dist.] 2006,
no pet.).  This appeal is untimely as to the sole issue raised by appellant. 

Accordingly, the appeal
is dismissed for want of jurisdiction.

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices
Brown, Sullivan, and Christopher.

Do
Not Publish — Tex. R. App. P. 47.2(b).