Opinion issued July 29,
2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00436-CR

———————————

BRANDON CAREY RICHARDSON, Appellant

V.

THE STATE OF TEXAS, Appellee



 



 

On Appeal from the 351st District
Court

Harris County, Texas



Trial Court Case No. 1162168

 



 

 

MEMORANDUM OPINION

          Pursuant to a plea-bargain agreement
with the State, appellant, Brandon Carey Richardson, pleaded guilty to the
felony offense of aggravated robbery with a deadly weapon.[1]  Following the State’s punishment
recommendation, the trial court deferred adjudicating guilt and placed
appellant on community supervision for five years.  

Several
months later, the State filed a motion to adjudicate appellant’s guilt. At the
hearing on the motion, appellant pleaded “true” to each of the State’s allegations
that he had violated his conditions of community supervision.  Appellant offered testimony at the hearing to
show a future willingness to comply with the conditions of his community
supervision.  Appellant requested the
trial court not to adjudicate and to continue his community supervision.  

At the
conclusion of the hearing, the trial court found the State’s allegations true
and proceeded to adjudicate guilt.  The
trial court sentenced appellant to four years in prison.  Appellant filed a notice of appeal.

Appellant
raises three issues in his brief.  Each
of the issues relates to appellant’s original plea of guilty.  Specifically, appellant claims that his plea
was involuntary and contends that his appointed counsel at the time of his
guilty plea was ineffective.  Appellant
does not raise any issues relating to the adjudication proceeding. 

A defendant
placed on deferred adjudication community supervision may raise issues relating
to the original plea proceeding only in an appeal timely filed after the
imposition of the deferred adjudication community supervision.  See
Manuel v. State, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999).  Here, appellant did not timely appeal the
trial court’s order placing him on deferred adjudication community supervision.[2]  

Issues
relating to the original plea proceeding may not be raised after community
supervision is revoked, and appellant is adjudicated guilty.  See id.
 Appellant cannot in this appeal raise
issues relating to his original plea of guilt.  See
Arreola v. State, 207 S.W.3d 387, 389–90 (Tex. App.—Houston [1st Dist.] 2006,
no pet.).  

We do not
have jurisdiction to consider appellant’s arguments relating to the original
plea proceeding.  See Manuel, 994 S.W.2d at 661. Accordingly, the appeal is dismissed
for want of jurisdiction.

PER CURIAM

 

Panel consists of Justices Keyes, Hanks, and
Higley.

 

Do not publish. 
 Tex. R. App. P. 47.2(b).











[1]           See
Tex. Pen. Code Ann. § 29.03 (Vernon 2003) (defining elements of aggravated
robbery).

 





[2]
          We note that the record reflects
that the trial court signed a “Certification of Defendant’s Right of Appeal” in
which it indicated that appellant had no right to appeal the order placing him
on deferred
adjudication community supervision because it had resulted from a plea bargain.  See
Tex. R. App. P. 25.2(a)(2).  Nonetheless, that does not affect the
disposition of this appeal.