Opinion issued April 12, 2012.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00981-CR

NO. 01-10-00982-CR

———————————

Richard Dunsmore, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 412th District Court

Brazoria County, Texas



Trial Court Case Nos. 56909 and 56910

 



 

MEMORANDUM OPINION

Appellant
Richard Dunsmore appeals from his convictions for
sexual assault and attempted sexual assault. 
In a single point of error, Dunsmore contends
that the trial court erred in denying his motion to withdraw his guilty pleas
because his pleas were not voluntary due to his health and mental
condition.  We
dismiss for want of jurisdiction.  

Background

In July 2008, Dunsmore pleaded guilty to sexual
assault and attempted sexual assault.  In
accord with the terms of his plea agreement with the State, the trial court
assessed punishment at ten years’ deferred-adjudication community supervision
for each offense.  During
the plea proceedings, the trial court admonished Dunsmore
concerning his desire to plead guilty.  Dunsmore told the trial court that no one had promised him
anything, threatened him, or coerced him to persuade him to plead guilty, and
he stated that he was pleading guilty only because he was guilty of the
offenses.  He also told the trial court
that he believed that he was competent to go forward with the plea proceedings
and that he had a clear understanding of the proceedings.

In addition to receiving the oral admonishments provided by
the trial court, Dunsmore acknowledged that he had
received the written admonishments from his attorney “hours ago” and that he
had read and signed them after discussing them with his attorney.  The written admonishments include a paragraph
that stated that he was mentally competent, which Dunsmore
initialed. 

In May 2010, nearly two years
later, the State moved to adjudicate guilt, alleging that Dunsmore
had violated the terms of his community supervision.  Dunsmore responded
by filing a pro se motion to withdraw his guilty pleas to both offenses,
arguing that his guilty pleas in July 2008 were involuntary due to his health
and mental condition.  After a hearing on
October 8, 2010, the trial court denied Dunsmore’s
motion to withdraw.  The court
adjudicated guilt and assessed punishment at seven years’ confinement, with the
sentences to run concurrently. 

Dunsmore contends
on appeal that the trial court erred in denying his motion to withdraw his
guilty pleas because his pleas were not voluntary due to his health and mental
condition.

Discussion

A defendant placed on deferred adjudication community
supervision may raise issues relating to the original plea proceeding in an
appeal taken when the deferred adjudication community supervision is first
imposed.  See Manuel v. State, 994 S.W.2d 658, 661–62 (Tex. Crim.
App. 1999); Guillory v. State, 99 S.W.3d 735, 738 (Tex.
App.—Houston [1st Dist.] 2003, pet. ref’d).  Issues relating to the original plea proceeding may not be
raised after community supervision is revoked and the trial court adjudicates
guilt.  Manuel, 994 S.W.2d at 661–62 (“a defendant
placed on deferred adjudication community supervision may raise issues relating
to the original plea proceeding, such as evidentiary sufficiency, only in
appeals taken when deferred adjudication community supervision is first
imposed”).  Because Dunsmore did not appeal the trial court’s refusal of his request
to withdraw his guilty pleas when the trial court first imposed the deferred
adjudication order, his appeals are untimely, and we lack jurisdiction to consider
them.  Arreola v. State, 207 S.W.3d 387, 389 (Tex. App.—Houston [1st
Dist.] 2006, no pet.).

Citing to Labib v. State, 239 S.W.3d. 322, 330 (Tex.
App.—Houston [1st Dist.] 2007, no pet.), Dunsmore argues that he can move to withdraw his guilty pleas at any time
after he was placed on deferred adjudication. 
Labib
is factually distinguishable.  Unlike Dunsmore, the defendant in Labib timely filed a notice of appeal within thirty days of being placed
on deferred-adjudication community supervision.[1]  

Conclusion

We dismiss for want of
jurisdiction.

 

                                                                      Jane
Bland

                                                                      Justice


 

Panel
consists of Chief Justice Radack and Justices Keyes and Bland.

Do
not publish.   Tex. R.
App. P. 47.2(b).











[1]         As we explained in Arreola, our court has jurisdiction over a trial court order granting or
denying a pre-adjudication application for writ of habeas corpus.  See Arreola, 207 S.W.3d at 389; see
also Tex. R. App. P. 25.2(a)(2)(B);
Cooper v. State, 45
S.W.3d 77, 81, 81–83 (Tex. Crim. App. 2001) (stating proper avenue for
attacking voluntariness of negotiated plea is by application for writ of habeas
corpus).