

**NUMBER 13-11-00621-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**GABRIEL SALINAS GARZA,**                                                              **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                    **Appellee.**

---

**On appeal from the 206th District Court
of Hidalgo County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Perkes
Memorandum Opinion by Justice Benavides**

This is an appeal from appellant, Gabriel Salinas Garza's, conviction for evading arrest with a vehicle, a state jail felony.    *See* TEX. PEN. CODE ANN. § 38.04 (West 2011). By three issues, Garza argues that the trial court erred because:    (1) the evidence was not sufficient to sustain the verdict; (2) trial counsel offered ineffective assistance when

she failed to object to evidence of extraneous offenses and bad acts offered by the State; and (3) it allowed the State to introduce the entire police video of Garza's arrest at the punishment phase. We affirm.

## I. BACKGROUND

On November 27, 2010, the City of Pharr Police Department received a call that a green sports utility vehicle (SUV) with Texas license plates was driving recklessly on southbound U.S. 281. Pharr Police Patrol Officer Benjamin Gutierrez positioned himself on the highway in an attempt to intercept the SUV. Officer Gutierrez's vehicle was a fully marked police car with "City of Pharr Police" emblazoned on the side. Traffic was light. When Officer Gutierrez saw an SUV matching the description and plates reported, he turned on the digital video recorder in his unit and began to follow the SUV. Garza was driving the green SUV.

The video, which was played during the guilt/innocence phase of the trial up to the point of the arrest, apparently noted that Garza failed to maintain a single lane while driving and also changed lanes on the highway without signaling.[1] Officer Gutierrez turned on his siren and overhead red and blue lights to pull Garza over. According to testimony, the reflection of the overhead lights could be seen on the back of Garza's SUV. Officer Gutierrez speculated that Garza may have been on his cell phone while driving. At one point, Officer Gutierrez testified that Garza put his hand outside the driver's side window and motioned for the officer to either go around or follow him.

Garza did not pull over for several minutes and passed numerous opportunities to

---

[1] The actual video was not made part of the appellate record, so we rely on eyewitness descriptions of what occurred on the tape.

2

exit the highway. Officer Gutierrez testified that there were several safe places Garza could have pulled over, such as on the highway shoulder, on the frontage road immediately after exiting the highway, or any business parking lot. Garza eventually exited the highway and upon stopping, got out of the car and began yelling obscenities at Officer Gutierrez. On cross-examination, Officer Gutierrez admitted that Garza always maintained the speed limit and that he never used the word "flee" in his police report.

In light of Garza's irregular driving actions and agitated behavior after being stopped, Officer Gutierrez believed that Garza was intentionally trying to flee from him. The jury agreed and convicted Garza of evading arrest with a vehicle. *See id.* The trial court then proceeded to the sentencing phase during which the State admitted the entire video of the arrest, which apparently included footage of Garza being irate after exiting his vehicle. The State also questioned Garza's brother at length about several of Garza's prior arrests, including arrests for assault, possession of a controlled substance, driving while intoxicated, aggravated assault, retaliation, burglary of a habitation, and numerous probation violations. *See id.* §§ 22.01 (assault), 22.02 (aggravated assault), 32.02 (burglary of a habitation), 36.06 (obstruction or retaliation), 49.04 (driving while intoxicated) (West 2011); TEX. HEALTH & SAFETY CODE ANN. § 481.115–.118 (possession of controlled substance statutes) (West 2010). The defense lodged no objections to this testimony.

The jury sentenced Garza to two years in a state jail, and the trial court assessed a $10,000 fine. This appeal ensued.

## II. SUFFICIENCY OF THE EVIDENCE

### A. Standard of Review and Applicable Law

3

The court of criminal appeals has held that the *Jackson v. Virginia* legal-sufficiency standard "is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). Accordingly, we apply the *Jackson* standard to our review and inquire whether "considering all of the evidence in the light most favorable to the verdict, was a jury rationally justified in finding guilt beyond a reasonable doubt?" *Brooks*, 323 S.W.3d at 899. In our analysis, we "defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight given to their testimony." *Id.*

"[S]ufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997) (en banc); *see Trevino v. State*, 228 S.W.3d 729, 736 (Tex. App.—Corpus Christi 2006, pet. ref'd). "Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Malik*, 953 S.W.2d at 240. Here, to prove that Garza evaded arrest with a vehicle, the State had to establish: (1) that Garza intentionally fled (2) from Officer Gutierrez, a person whom he knew to be a peace officer, (3) while Garza was in a vehicle, (4) while the officer was attempting lawfully to arrest or detain Garza. *See* Tex. Pen. Code Ann. § 38.04.

4

**B.     Discussion**

In his first issue, Garza argues that the evidence was not sufficient to sustain the verdict that he was evading arrest with a vehicle. *See id.*    Here, though, the record showed that:   (1) an anonymous caller reported a vehicle with plates matching Garza's plates that was driving recklessly; (2) Officer Gutierrez observed Garza failing to maintain a single lane and changing lanes without signaling; (3) Officer Gutierrez, in a clearly marked police vehicle, turned on his red and blue flashing lights and siren to attempt to lawfully detain or arrest Garza; (4) Garza appeared to be aware of the officer as he motioned for Officer Gutierrez to pass him with his right arm; (5) Garza passed numerous opportunities to pull over and continued to drive while Officer Gutierrez's overhead lights and siren were on; and (6) Garza became irate with the officer after finally pulling over.   When viewing the evidence in a light most favorable to the verdict, we conclude that the jury was rationally justified in finding beyond a reasonable doubt that Garza evaded arrest with his green SUV vehicle.   *See Brooks,* 323 S.W.3d at 895; *Jackson*, 443 U.S. at 318–19.   We overrule Garza's first issue.

### III.     INEFFECTIVE ASSISTANCE OF COUNSEL

**A.     Standard of Review and Applicable Law**

To prove ineffective assistance of counsel, the defendant must meet the heavy burden established in the *Strickland* test.   *Strickland v. Washington*, 466 U.S. 668, 687 (1984).   Under *Strickland*, assistance of counsel is ineffective if, in considering the totality of the circumstances:   (1) counsel made such serious errors that she was not functioning effectively as counsel; and (2) the deficient performance prejudiced the defense to such a degree that the defendant was deprived of a fair trial.   *Id.*; *Rodriguez*

5

*v. State*, 899 S.W.2d 658, 665 (Tex. Crim. App. 1995). "A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. The record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Where the record does not do so, counsel is presumed effective. *Id.* A defendant's uncorroborated testimony to such deficiencies is not sufficient to establish ineffective assistance of counsel. *Arreola v. State*, 207 S.W.3d 387, 391 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

## B. Discussion

By his second issue, Garza argues that his trial counsel offered ineffective assistance when she failed to object to evidence of extraneous offenses and bad acts offered by the State. During the punishment phase of the trial, the State asked Garza's brother several questions about Garza's prior criminal history, including previous arrests for assault, possession of a controlled substance, driving while intoxicated, aggravated assault, retaliation, and burglary of a habitation. *See* TEX. PEN. CODE ANN. §§ 22.01 (assault), 22.02 (aggravated assault), 32.02 (burglary of a habitation), 36.06 (obstruction or retaliation), 49.04 (driving while intoxicated) (West 2011); TEX. HEALTH & SAFETY CODE ANN. § 481.115–.118) (possession of controlled substance statutes) (West 2010). Although Garza's counsel objected to the introduction of this evidence at a bench conference, Garza argues that his attorney failed to re-assert her objections when the State introduced this evidence during Garza's brother's testimony.

Based on the record, we cannot say that Garza's counsel was deficient.   Garza's prior arrest record was admissible under Texas Code of Criminal Procedure article 37.07, which provides that "evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant . . . ."   *See* TEX. CODE OF CRIM. PROC. ANN. art. 37.07 § 3(a)(1) (West 2006).   Garza's counsel may have determined that the evidence was admissible or may have surmised that constant objections to this evidence would draw unfavorable attention to this information.   Because the record is silent as to her reasons for not objecting, though, her performance is presumed effective.   *Thompson*, 9 S.W.3d at 813.

Furthermore, even if we assumed that Garza's counsel's performance was deficient, Garza has failed to show how the exclusion of his prior arrest history would have changed the final outcome of his trial.   *See Strickland*, 466 U.S. 668, 687.   Because Garza failed to prove either prong of the *Strickland* test, we overrule his second issue.

### IV.   ADMISSION OF THE VIDEO

**A.   Standard of Review and Applicable Law**

We utilize the abuse of discretion standard of review to determine whether a trial court erred in admitting evidence.   *See Oprean v. State*, 201 S.W.3d 724, 726 (Tex. Crim. App. 2006).   A trial court does not abuse its discretion as long as the decision to admit evidence is within the "zone of reasonable disagreement."   *Montgomery v. State,* 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (en banc).   Even if the trial court erred in admitting the evidence, a reversal is required only if the error affected Ochoa's

7

substantial rights. *See* TEX. R. APP. P. 44.2; *Hernandez v. State*, 176 S.W.3d 821, 824 (Tex. Crim. App. 2005) ("The Rule 44.2(b) harm standard is whether the error in admitting the evidence 'had a substantial and injurious effect or influence in determining the jury's verdict.'"). "Such error is harmless if the reviewing court, after examining the record as a whole, is reasonably assured the error did not influence the jury verdict or had but slight effect." *Rivera-Reyes v. State*, 252 S.W.3d 781, 787 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (citing *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998)).

## B.    Discussion

By his third issue, Garza contends that the trial court erred when it allowed the State to introduce the entire police video of Garza's arrest at the punishment phase, namely, the portion of tape which recorded his irate behavior and his yelling of obscenities at Officer Gutierrez after he had been pulled over.[2]

During punishment, evidence may be offered by the State and the Defendant "as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, [and] the circumstances of the offense for which he is being

---

[2] The State argues that this issue was waived. We disagree. To preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion. TEX. R. APP. P. 33.1(a); *see also* TEX. R. EVID. 103(a)(1).

At a pre-sentencing bench conference, Garza's counsel argued that the substantive value of the full tape would not outweigh the danger of unfair prejudice. *See* TEX. R. EVID. 403. During the sentencing portion of the jury trial, though, Garza's counsel failed to re-assert her objection to the video. Although the State contends that this issue was thus waived, the law in Texas requires a party to continue to object each time inadmissible evidence is offered unless the party (1) obtains a running objection, or (2) requests a hearing outside the presence of the jury. *See Geuder v. State*, 115 S.W.3d 11, 13 (Tex. Crim. App. 2003) (citing *Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003)). Because the bench conference discussing the video was done outside the presence of a jury, we hold that this issue was preserved for our appellate review.

8

tried . . . ."  *See* TEX. CODE OF CRIM. PROC. ANN. art. 37.07 § 3(a)(1).  "We have previously held that the test for relevancy of the evidence is much broader at the punishment stage, the purpose being to allow the fact[-]finder as much useful information as possible in deciding the appropriate punishment for the individual defendant." *Mendiola v. State*, 924 S.W.2d 157, 163 (Tex. App.—Corpus Christi 1995, pet. ref'd) (citing *Bowser v. State*, 816 S.W.2d 518, 521 (Tex. App.—Corpus Christi 1991, no pet.)).

We cannot conclude that the trial court's admission of the videotape in its entirety, which showed Garza's irate behavior after his arrest, was an abuse of discretion.  *See Oprean*, 201 S.W.3d at 726.  The video was relevant to Garza's sentencing, and its admission was not outside the zone of reasonable disagreement.  *See Montgomery*, 810 S.W.2d at 391.  We overrule this issue.

## V.  CONCLUSION

Having overruled all of Garza's issues, we affirm the decision of the trial court.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
16th day of August, 2012.

9