**Motion Denied and Abatement Order filed July 18, 2019**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-18-00749-CR
_____

**CHARLESTON ROSHUN COBBIN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause No. 1506318**

---

## ABATEMENT ORDER

Charleston Roshun Cobbin pleaded guilty to delivery of a controlled substance. Under the terms of a plea-bargain agreement between appellant and the State, the trial court deferred adjudication of guilt and placed appellant on community supervision for five years. The State subsequently filed a motion to adjudicate appellant's guilt. After holding a hearing on the motion, the trial court granted the motion, adjudicated appellant guilty, and sentenced him to 10 years' imprisonment.

Appellant's sole issue on appeal is that his original plea of guilty was

involuntary. The State filed a motion to dismiss the appeal for lack of jurisdiction. The motion has been pending for more than 10 days, and no response has been filed.

A defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding only in an appeal taken when deferred adjudication community supervision is first imposed. *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). That is true even when challenging the voluntariness of the plea. *Arreola v. State*, 207 S.W.3d 387, 389 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Alexander v. State*, No. 14-08-00456-CR, 2009 WL 3365875, at *1 (Tex. App.—Houston [14th Dist.] Sept. 10, 2009, pet. ref'd) (mem. op.) (per curiam) (not designated for publication).

Appellant has the right to appeal issues relating to adjudication, but his appointed counsel, Ted Doebbler, has not raised any such issue. If appointed counsel determines there are no non-frivolous issues on appeal and the appellant does not want to dismiss the appeal voluntarily, counsel must follow the procedures laid out in *Anders v. California*, 386 U.S. 738 (1967).

Accordingly, we will abate the appeal for **60 days** for appellant to decide whether he wishes to continue with this appeal and, if so, for Doebbler to file a brief that raises an issue regarding the adjudication or complies with *Anders*. If appellant desires to continue the appeal, the brief is due on or before the **60th day of the abatement period**.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket after appellant's brief is filed or the expiration of 60 days, whichever is first. The court will also consider an appropriate motion to reinstate the appeal filed by either party.

PER CURIAM

Panel Consists of Justices Christopher, Bourliot, and Zimmerer.