**Abatement Order filed December 19, 2019**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-18-00749-CR
_____

### CHARLESTON ROSHUN COBBIN, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause No. 1506318**

---

## ABATEMENT ORDER

Charleston Roshun Cobbin pleaded guilty to delivery of a controlled substance. Under the terms of a plea-bargain agreement between appellant and the State, the trial court deferred adjudication of guilt and placed appellant on community supervision for five years. The State subsequently filed a motion to adjudicate appellant's guilt. After holding a hearing on the motion, the trial court granted the motion, adjudicated appellant guilty, and sentenced him to 10 years' imprisonment.

Appellant's appointed attorney, Ted Doebbler, filed a one-issue brief in April 2019 that contended appellant's original plea of guilty was involuntary. A defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding only in an appeal taken when deferred adjudication community supervision is first imposed. *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). That is true even when challenging the voluntariness of the plea. *Arreola v. State*, 207 S.W.3d 387, 389 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Alexander v. State*, No. 14-08-00456-CR, 2009 WL 3365875, at *1 (Tex. App.—Houston [14th Dist.] Sept. 10, 2009, pet. ref'd) (mem. op.) (per curiam) (not designated for publication).

Appellant has the right to appeal issues relating to adjudication, but Doebbler did not raise any such issue. If appointed counsel determines there are no non-frivolous issues on appeal and the appellant does not want to dismiss the appeal voluntarily, counsel must follow the procedures laid out in *Anders v. California*, 386 U.S. 738 (1967). For that reason, in July 2019 we abated the appeal for appellant to decide whether he wishes to continue with this appeal and, if so, for Doebbler to file a brief that raises an issue regarding the adjudication or complies with *Anders.*

Doebbler filed an amended brief on December 1, 2019. Again, the sole issue in the brief concerns the voluntariness of appellant's original plea of guilty. The brief does not raise an issue regarding the adjudication nor does it comply with *Anders*. Under these circumstances, appellant is entitled to new appointed counsel.

We ORDER the judge of the 248th District Court to conduct a hearing at which appellant, Doebbler, and counsel for the State shall participate, either in person or by video teleconference, to determine whether appellant desires to prosecute his appeal. If he does desire to prosecute his appeal, the judge shall appoint new appellate counsel for him. The judge shall see that a record of the hearing is

made, shall make findings of fact and conclusions of law, and shall order the trial clerk to forward a record of the hearing and a supplemental clerk's record containing the findings and conclusions. Those records shall be filed with the clerk of this court by **January 31, 2020**.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket after appellant's brief is filed or the expiration of 60 days, whichever is first. The court will also consider an appropriate motion to reinstate the appeal filed by either party.

PER CURIAM

Panel consists of Justices Christopher, Bourliot, and Zimmerer.