

# NUMBER 13-09-00330-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

LANCE RAMSAY,                                                    Appellant,

v.

THE STATE OF TEXAS,                                              Appellee.

## On appeal from the 28th District Court
## of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Yañez and Garza
### Memorandum Opinion by Justice Garza

Appellant, Lance Ramsay, was convicted of violating a family violence protective order. *See* TEX. PENAL CODE ANN. § 25.07(a)(2)(C) (Vernon Supp. 2009). The offense, normally a class A misdemeanor, was enhanced to a second-degree felony. *See id.* § 12.42(a)(3) (Vernon Supp. 2009) (enhancement for prior felony conviction); § 25.07(g) (enhancement for two or more prior convictions for violating protective order). After entering an "open" plea of guilty to the offense and pleas of true to the enhancement paragraphs, Ramsay was sentenced to six years' imprisonment. By four issues, Ramsay contends on appeal that: (1) he received ineffective assistance of trial counsel; (2) the trial court erred by failing to conduct a competency hearing; (3) the trial court erred by failing

to withdraw his guilty plea; and (4) he did not enter his guilty plea freely, knowingly, and voluntarily.  We affirm.

## I. BACKGROUND

Ramsay was indicted for violating a protective order entered under chapter 85 of the Texas Family Code pursuant to an application filed by Marian Cordet Propps.  *See* TEX. FAM. CODE ANN. §§ 85.001-.065 (Vernon Supp. 2009).  The order, dated February 20, 2008, stated in relevant part that Ramsay is prohibited from:  (1) "going to or near the residences or places of employment or business of [Propps]"; (2) "going within 200 yards of [Propps]"; (3) "communicating directly with [Propps]"; and (4) "communicating in any manner with [Propps] except through [Propps]'s attorney."

The indictment, filed on April 9, 2009, alleged that Ramsay violated the order by "intentionally or knowingly communicating with [Propps], a protected individual by going within 200 yards of [Propps] and which conduct was the violation of an order that prohibited any communication with the protected individual . . . ."  The indictment also contained three enhancement paragraphs alleging that Ramsay was:  (1) convicted on April 22, 2008 of the misdemeanor offense of violating a protective order; (2) convicted on May 29, 2008 of the misdemeanor offense of violating a protective order; and (3) convicted on May 17, 1995 of the felony offense of unlawful possession of a firearm by a felon.  *See* TEX. PENAL CODE ANN. §§ 12.42(a)(3); 25.07(g); 46.04 (Vernon Supp. 2009).

At a hearing on May 14, 2009, Ramsay entered an open plea of guilty to the indicted offense and pleas of true to the enhancement paragraphs.  Ramsay additionally signed a "Stipulation and Judicial Confession" as to the offense, which was presented to the trial court and introduced into evidence.  Ramsay also signed a form containing admonishments as to the consequences of his guilty plea; further, he placed his initials next to the following paragraphs, among others, which were contained in the form:

> I understand and can read the English language.  I have personally read the documents required for this hearing.

2

. . . .

I enter my plea of guilty because I am in fact guilty of [the indicted] offense.

. . . .

I have had sufficient opportunity to consult with my lawyer and have discussed with him/her all relevant facts and the law applicable in this case. I am satisfied with the representation my lawyer has given me, and I have no complaints against my lawyer or objections to his/her representing me.

. . . .

I am mentally competent to enter a plea in this case. I am sane now and I know what I am doing in court today. As far as I know, I was sane and I knew what I was doing on the date the offense was committed.

The trial court accepted the guilty plea and, after hearing testimony from Ramsay and several other witnesses as to punishment, sentenced Ramsay to six years' imprisonment. This appeal followed.[1]

## II. DISCUSSION

### A. Competency Hearing

By his second issue,[2] Ramsay argues that "there was sufficient evidence to create a bona fide doubt about [his] competency" and that the trial court therefore erred in failing to conduct, *sua sponte*, an informal inquiry as to his competency.

"A person is incompetent to stand trial if the person does not have: (1) sufficient present ability to consult with the person's lawyer with a reasonable degree of rational understanding; or (2) a rational as well as factual understanding of the proceedings against the person." TEX. CODE CRIM. PROC. ANN. art. 46B.003(a) (Vernon 2006). "A defendant is presumed competent to stand trial and shall be found competent to stand trial unless

---

[1] We note that, under *Young v. State*, 8 S.W.3d 656, 667 (Tex. Crim. App. 2000), a valid plea of guilty waives the right to appeal when the judgment of guilt was rendered independently of, and is not supported by, the alleged error. For a defendant to have a right to appeal from a guilty plea, there must be a nexus between the alleged error and the judgment of guilt. *See id.*; *see also Deyon v. State*, No. 14-08-01143-CR, 2010 Tex. App. LEXIS 2078, at *6-7 (Tex. App.–Houston [14th Dist.] Mar. 25, 2010, no pet.) (mem. op., not designated for publication). The State, however, does not raise any argument under *Young*, and we do not address it here.

[2] We consider Ramsay's issues out of order for the sake of convenience.

proved incompetent by a preponderance of the evidence." *Id.* art. 46B.003(b).  If evidence suggesting that a defendant may be incompetent to stand trial comes to the attention of the trial court, the court must determine, by an informal inquiry, "whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial." *Id.* art. 46B.004(c) (Vernon 2006).  This informal inquiry must be conducted if the trial court has "a bona fide doubt about the competency of the defendant." *Montoya v. State*, 291 S.W.3d 420, 425 (Tex. Crim. App. 2009).  "A bona fide doubt may exist if the defendant exhibits truly bizarre behavior or has a recent history of severe mental illness or at least moderate mental retardation." *Id.*

We apply an abuse of discretion standard when reviewing a trial court's failure to conduct an inquiry into a defendant's competency to stand trial.  *Id.* at 426.  The test for abuse of discretion "is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action; rather, it is a question of whether the trial court acted without reference to any guiding rules or principles, and the mere fact that a trial court may decide a matter within its discretionary authority differently than an appellate court does not demonstrate such an abuse." *Howell v. State*, 175 S.W.3d 786, 792 (Tex. Crim. App. 2005) (quoting *Randon v. State*, 107 S.W.3d 646, 648 (Tex. App.–Texarkana 2003, no pet.)).

Ramsay directs us to several instances in the record that, he believes, established a bona fide doubt as to his competency.  First, Ramsay points to a handwritten letter he composed on April 30, 2009, addressed to the trial court, stating that he had no "knowledge and understanding" of the charges against him.  Second, he refers to testimony by the arresting officers at the May 14, 2009 plea hearing, stating that Ramsay was "very aggressive," "disheveled," "belligerent," "threatening" and "incoherent" at the time of his arrest.  Third, Ramsay points to Propps's testimony at the plea hearing that, "about a year ago," Ramsay "nailed down" her windows and doors so that she could not exit the house where they were residing.  Finally, Ramsay notes that he "rambled incoherently

4

throughout" his testimony at the plea hearing. Specifically, Ramsay points to his statements made at the hearing that: (1) he was once a millionaire; (2) he was "confused"; (3) he "lost focus" during the plea proceedings; and (4) he was confined to a mental institution "in 1987 or '89."

We do not believe that, based upon the above instances, the trial court abused its discretion in finding no "bona fide doubt" as to Ramsay's competency. First, Ramsay's April 30, 2009 letter to the trial court, in which he professed to have no "knowledge and understanding" of the charges against him, was written over two weeks prior to the plea hearing. At the plea hearing, on the other hand, Ramsay testified that he understood the contents of the indictment. The trial court was within its discretion to believe Ramsay's statement, made under oath, that he understood the charges against him, rather than his unsworn letter written weeks prior to the plea hearing. Next, the testimony by the arresting officers and Propps pertained only to Ramsay's behavior at the time of the offense. As noted by the Texas Court of Criminal Appeals in *Montoya*, chapter 46B of the code of criminal procedure "specifies the defendant's *present* ability" and "past mental-health issues raise the issue of incompetency only if there is evidence of recent severe mental illness, at least moderate retardation, or bizarre acts by the defendant." *Montoya*, 291 S.W.3d at 425 (emphasis in original). The testimony by the arresting officers and Propps, as well as Ramsay's own testimony that he had once been institutionalized decades ago, do not establish any *recent* bizarre acts or mental illness.

Finally, we agree that Ramsay's testimony at the plea hearing was incoherent at times. However, he was able to give coherent and relevant answers to questions posed by the prosecutor and defense counsel at the punishment hearing. Ramsay's assertion at the outset of the hearing that he was "confused" pertained merely to his mistaken perception that the State was offering probation as part of a plea bargain offer; the prosecutor noted that the State had done no such thing, and Ramsay acquiesced to that explanation. Ramsay did state that he "started to lose focus" during one of the questions

5

posed by defense counsel; however, he apparently regained his focus enough to answer the question and continue with his testimony.

We cannot say that the trial court abused its discretion by finding that these instances did not give rise to a "bona fide doubt" as to Ramsay's competency to stand trial. *See id.* at 425-26 ("The considerations when evaluating competency to stand trial include the defendant's level of understanding of the proceeding and ability to consult with counsel in preparation for the proceeding. Thus, those who observed the behavior of the defendant at the hearing were in a better position to determine whether she was presently competent."). Ramsay's second issue is overruled.

## B.      Withdrawal of Guilty Plea

By his third issue, Ramsay contends that "[t]he [t]rial [c]ourt abused its discretion by failing to withdraw [his] guilty plea in light of evidence of [his] innocence." Specifically, Ramsay points to testimony by himself and by Propps stating that Ramsay was at Propps's home at her invitation. According to Ramsay, this evidence "raised a significant factual issue as to whether [he] acted with the required intent."

Ramsay cites *Griffin v. State*, in which the Texas Court of Criminal Appeals held that "[i]n any case where evidence is introduced which reasonably and fairly raises an issue as to the innocence of the accused and is not withdrawn, the defendant's guilty plea must be withdrawn and a plea of not guilty must be *sua sponte* entered by the court." 703 S.W.2d 193, 195 (Tex. Crim. App. 1986). However, the Court has since held that, while a defendant has a right to withdraw his guilty plea in a timely fashion, the trial court has no duty to *sua sponte* withdraw the plea in the absence of such a request. *Mendez v. State*, 138 S.W.3d 334, 345, 350 (Tex. Crim. App. 2004). That is, if a defendant does not make a timely request to withdraw his plea, he forfeits his right to complain on appeal that the trial court should have done it for him. *Id.* at 350. Here, Ramsay made no request to withdraw his plea following the testimony which he now claims raises an issue as to his

6

guilt.[3]  Accordingly, he has waived any error.  We overrule Ramsay's third issue.

## C.    Voluntariness of Guilty Plea

By his fourth issue, Ramsay asserts that his guilty plea was not entered freely, knowingly and voluntarily.  A record indicating that the trial court properly admonished the defendant about a guilty plea presents a prima facie showing that the guilty plea was made voluntarily and knowingly.  *Ex parte Tomlinson*, 295 S.W.3d 412, 419 (Tex. App.–Corpus Christi 2009, no pet.) (citing *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998)).  Under these circumstances, the burden shifts to the defendant to show that he entered the plea without understanding the consequences.  *Martinez*, 981 S.W.2d at 197; *Arreola v. State*, 207 S.W.3d 387, 391 (Tex. App.–Houston [1st Dist.] 2006, no pet.).  An accused who attests when he enters his plea of guilty that he understands the nature of his plea and that it is voluntary has a heavy burden on appeal to show that his plea was involuntary.  *Tomlinson*, 295 S.W.3d at 419 (quoting *Arreola*, 207 S.W.3d at 391).

The record in the instant case establishes that Ramsay was properly admonished by the trial court about the consequences of his guilty plea, and that he acknowledged that he was entering his plea freely, knowingly and voluntarily.  To counter this, Ramsay relies solely on his handwritten April 30, 2009 letter to the trial court in which he stated, among other things, that he "is 'not' ready for any trial proceedings."  However, as noted, this letter was composed over two weeks prior to the plea hearing, where Ramsay, with advice of counsel, signed the "Stipulation and Judicial Confession" as well as the admonishments form.  Ramsay has not directed us to anything in the record indicating that, at the time he entered his plea, he did so involuntarily or without understanding the consequences.  He has therefore not met his "heavy burden on appeal" to show that his plea was involuntary. *Id.* (quoting *Arreola*, 207 S.W.3d at 391).  Ramsay's fourth issue is overruled.

---

[3] We note that, even had Ramsay made a timely request to withdraw his guilty plea, Ramsay does not explain how the testimony he refers to, even if taken as true, would have raised an issue as to whether he acted with the requisite intent.  *See* TEX. PENAL CODE ANN. § 25.07(d) (Vernon Supp. 2009) ("Reconciliatory actions or agreements made by persons affected by an order do not affect the validity of the order or the duty of a peace officer to enforce this section.").

**D.      Ineffective Assistance of Counsel**

By his first issue, Ramsay argues that his trial counsel provided ineffective assistance: (1) by failing to request a determination of Ramsay's competency to stand trial; (2) by failing to "secure [Ramsay's] due process right to adequate notice" by filing a motion to quash the indictment; (3) by failing to "communicate, secure attendance of witnesses and secure evidence"; and (4) by failing to relay a plea offer made by the State to Ramsay.

To establish that his trial counsel was ineffective, Ramsay must show (1) his attorney's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for his attorney's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 664, 668 (1984); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986); *Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.–Corpus Christi 2006, no pet.). Whether this test has been met is to be judged on appeal by the totality of the representation, not by any isolated acts or omissions. *Jaynes*, 216 S.W.3d at 851. The burden is on the appellant to prove ineffective assistance of counsel by a preponderance of the evidence. *Id.* Our review of counsel's representation is highly deferential, and we will find ineffective assistance only if the appellant overcomes the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance. *See Strickland*, 466 U.S. at 689; *Jaynes*, 216 S.W.3d at 851. Further, the acts or omissions that form the basis of the claim of ineffective assistance must be evidenced by the record. *See Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999); *Jaynes*, 216 S.W.3d at 851. In most cases, a silent record which provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001); *Thompson*, 9 S.W.3d at 813-14.

**1.      Failure to Request Competency Hearing**

First, with respect to counsel's failure to request a competency hearing, we have already concluded that the trial court did not abuse its discretion by not conducting an

8

informal inquiry as to Ramsay's competence to stand trial. We further conclude that Ramsay's trial counsel did not err by failing to request such an inquiry. The record contains no explanation for counsel's decision not to request an inquiry as to Ramsay's competence, *see Mallett*, 65 S.W.3d at 63, and given our "highly deferential" review of counsel's conduct, *see Jaynes*, 216 S.W.3d at 851, we cannot conclude that this decision was objectively unreasonable. *See Brown v. State*, 129 S.W.3d 762, 767 (Tex. App.–Houston [1st Dist.] 2004, no pet.) (citing *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994) ("When the record is silent as to counsel's trial strategy, an appellate court may not speculate about why counsel acted as he did.")).

## 2. Failure to File Motion to Quash Indictment

Ramsay next contends that his counsel should have filed a motion to quash the indictment against him because the indictment failed to provide him with adequate notice of the charges. Specifically, Ramsay notes that the indictment accused him of violating the protective order at issue by "intentionally and knowingly communicating" with Propps "by going within 200 yards" of her. According to Ramsay, "[s]ince 'going within 200 yards['] is not necessarily a means of 'communication,' the [i]ndictment did not provide adequate notice to prepare a defense . . . ."

The sufficiency of an indictment is a question of law and is reviewed de novo on appeal. *Smith v. State*, 297 S.W.3d 260, 267 (Tex. Crim. App. 2009). To provide a defendant with constitutional due process, an indictment must be specific enough to inform the defendant of the nature of the accusations against him so that he may prepare a defense; however, this requirement may be satisfied by means other than the language in the charging instrument. *Id.* (citing *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004); *Kellar v. State*, 108 S.W.3d 311, 313 (Tex. Crim. App. 2003)).

Here, although the indictment was ambiguous, the State would have had the opportunity to seek another, corrected indictment had a motion to quash been granted. *See* TEX. CODE CRIM. PROC. ANN. art. 28.10 (Vernon 2006) (providing that a matter of form

9

or substance in an indictment may be amended if the substantial rights of a defendant are not prejudiced and if the amendment does not allege an additional or different offense). Therefore, Ramsay has not shown that, had his trial counsel filed a motion to quash the indictment, the outcome of the proceedings would have been different. *See Strickland*, 466 U.S. at 668. We note also that Ramsay's trial counsel may have been pursuing a valid trial strategy by declining to alert the State to a defect in the indictment. *See Gumpert v. State*, 48 S.W.3d 450, 456 (Tex. App.–Texarkana 2001, pet. ref'd) (noting, in overruling appellant's ineffective assistance claim, that "[a] successful motion to quash the indictment would only have left the State free to amend or seek another indictment. Indeed, knowing this, counsel may well have chosen not to except to the indictment in hopes the State would not present evidence on the omitted element, thereby defeating its own case"). We cannot say that Ramsay has met his burden to show that his counsel acted unreasonably by failing to file a motion to quash the indictment.

### 3. Failure to "Communicate, Secure Attendance of Witnesses and Secure Evidence"

Ramsay next contends that his trial counsel was ineffective for failing to present evidence that "the victim failed, when presented with the opportunity, to report the alleged crime." Specifically, Ramsay argues that he desired to present evidence that Propps "passed a police substation, a federal courthouse and a Stripes convenience store without reporting the violation" and that "[s]he waited three hours to report the alleged crime."

Ramsay has not, however, explained how there is a reasonable probability that the result of the proceeding would have been different had this evidence been presented. *See Strickland*, 466 U.S. at 668. Moreover, there is nothing in the record indicating that Ramsay had in fact asked his trial counsel to present this evidence. Again, we conclude that Ramsay has failed to meet his burden to show that his trial counsel failed to provide reasonable professional assistance.

### 4. Failure to Relay Plea Offer

Ramsay finally argues that his trial counsel was ineffective for failing to advise him of a plea bargain offer made by the State. A trial counsel's assistance will be deemed ineffective where counsel fails to timely communicate a plea bargain offer and the defendant states that he would have accepted the plea bargain offer if he had been informed of it. *State v. Williams*, 83 S.W.3d 371, 375 (Tex. App.–Corpus Christi 2002, no pet.) (citing *Ex parte Lemke*, 13 S.W.3d 791, 796 (Tex. Crim. App. 2000); *Paz v. State*, 28 S.W.3d 674, 676 (Tex. App.–Corpus Christi 2000, no pet.)). Here, there is nothing in the record substantiating Ramsay's claim that the State conveyed a plea bargain offer to his counsel; and there is nothing in the record indicating that Ramsay would have accepted such an offer had he been informed of it. Without such evidence, we cannot conclude that counsel rendered ineffective assistance. *See Thompson*, 9 S.W.3d at 814; *Jaynes*, 216 S.W.3d at 851.

We conclude that Ramsay has not overcome the strong presumption that his trial counsel's conduct fell within the wide range of reasonable professional assistance. *See Strickland*, 466 U.S. at 689; *Jaynes*, 216 S.W.3d at 851. Ramsay's first issue is therefore overruled.

## III. CONCLUSION

Having overruled Ramsay's four issues on appeal, we affirm the judgment of the trial court.

 

_____

                                               _____
DORI CONTRERAS GARZA
Justice

Do Not Publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
29th day of July, 2010.