NUMBER 13-09-00330-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


LANCE RAMSAY, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 28th District Court

of Nueces County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Yañez and Garza


Memorandum Opinion by Justice Garza



 Appellant, Lance Ramsay, was convicted of violating a family violence protective
order. See Tex. Penal Code Ann. § 25.07(a)(2)(C) (Vernon Supp. 2009). The offense,
normally a class A misdemeanor, was enhanced to a second-degree felony. See id. §
12.42(a)(3) (Vernon Supp. 2009) (enhancement for prior felony conviction); § 25.07(g)
(enhancement for two or more prior convictions for violating protective order). After
entering an "open" plea of guilty to the offense and pleas of true to the enhancement
paragraphs, Ramsay was sentenced to six years' imprisonment. By four issues, Ramsay
contends on appeal that: (1) he received ineffective assistance of trial counsel; (2) the trial
court erred by failing to conduct a competency hearing; (3) the trial court erred by failing
to withdraw his guilty plea; and (4) he did not enter his guilty plea freely, knowingly, and
voluntarily. We affirm.

I. Background

 Ramsay was indicted for violating a protective order entered under chapter 85 of the
Texas Family Code pursuant to an application filed by Marian Cordet Propps. See Tex.
Fam. Code Ann. §§ 85.001-.065 (Vernon Supp. 2009). The order, dated February 20,
2008, stated in relevant part that Ramsay is prohibited from: (1) "going to or near the
residences or places of employment or business of [Propps]"; (2) "going within 200 yards
of [Propps]"; (3) "communicating directly with [Propps]"; and (4) "communicating in any
manner with [Propps] except through [Propps]'s attorney."

 The indictment, filed on April 9, 2009, alleged that Ramsay violated the order by
"intentionally or knowingly communicating with [Propps], a protected individual by going
within 200 yards of [Propps] and which conduct was the violation of an order that prohibited
any communication with the protected individual . . . ." The indictment also contained three
enhancement paragraphs alleging that Ramsay was: (1) convicted on April 22, 2008 of the
misdemeanor offense of violating a protective order; (2) convicted on May 29, 2008 of the
misdemeanor offense of violating a protective order; and (3) convicted on May 17, 1995
of the felony offense of unlawful possession of a firearm by a felon. See Tex. Penal Code
Ann. §§ 12.42(a)(3); 25.07(g); 46.04 (Vernon Supp. 2009).

 At a hearing on May 14, 2009, Ramsay entered an open plea of guilty to the indicted
offense and pleas of true to the enhancement paragraphs. Ramsay additionally signed a
"Stipulation and Judicial Confession" as to the offense, which was presented to the trial
court and introduced into evidence. Ramsay also signed a form containing
admonishments as to the consequences of his guilty plea; further, he placed his initials
next to the following paragraphs, among others, which were contained in the form:

I understand and can read the English language. I have personally read the
documents required for this hearing.


 . . . .


I enter my plea of guilty because I am in fact guilty of [the indicted] offense.


 . . . .


I have had sufficient opportunity to consult with my lawyer and have
discussed with him/her all relevant facts and the law applicable in this case. 
I am satisfied with the representation my lawyer has given me, and I have no
complaints against my lawyer or objections to his/her representing me.


 . . . .


I am mentally competent to enter a plea in this case. I am sane now and I
know what I am doing in court today. As far as I know, I was sane and I
knew what I was doing on the date the offense was committed.


 The trial court accepted the guilty plea and, after hearing testimony from Ramsay
and several other witnesses as to punishment, sentenced Ramsay to six years'
imprisonment. This appeal followed. (1)

II. Discussion

A. Competency Hearing

 By his second issue, (2) Ramsay argues that "there was sufficient evidence to create
a bona fide doubt about [his] competency" and that the trial court therefore erred in failing
to conduct, sua sponte, an informal inquiry as to his competency.

 "A person is incompetent to stand trial if the person does not have: (1) sufficient
present ability to consult with the person's lawyer with a reasonable degree of rational
understanding; or (2) a rational as well as factual understanding of the proceedings against
the person." Tex. Code Crim. Proc. Ann. art. 46B.003(a) (Vernon 2006). "A defendant
is presumed competent to stand trial and shall be found competent to stand trial unless
proved incompetent by a preponderance of the evidence." Id. art. 46B.003(b). If evidence
suggesting that a defendant may be incompetent to stand trial comes to the attention of
the trial court, the court must determine, by an informal inquiry, "whether there is some
evidence from any source that would support a finding that the defendant may be
incompetent to stand trial." Id. art. 46B.004(c) (Vernon 2006). This informal inquiry must
be conducted if the trial court has "a bona fide doubt about the competency of the
defendant." Montoya v. State, 291 S.W.3d 420, 425 (Tex. Crim. App. 2009). "A bona fide
doubt may exist if the defendant exhibits truly bizarre behavior or has a recent history of
severe mental illness or at least moderate mental retardation." Id.

 We apply an abuse of discretion standard when reviewing a trial court's failure to
conduct an inquiry into a defendant's competency to stand trial. Id. at 426. The test for
abuse of discretion "is not whether, in the opinion of the reviewing court, the facts present
an appropriate case for the trial court's action; rather, it is a question of whether the trial
court acted without reference to any guiding rules or principles, and the mere fact that a
trial court may decide a matter within its discretionary authority differently than an appellate
court does not demonstrate such an abuse." Howell v. State, 175 S.W.3d 786, 792 (Tex.
Crim. App. 2005) (quoting Randon v. State, 107 S.W.3d 646, 648 (Tex. App.-Texarkana
2003, no pet.)).

 Ramsay directs us to several instances in the record that, he believes, established
a bona fide doubt as to his competency. First, Ramsay points to a handwritten letter he
composed on April 30, 2009, addressed to the trial court, stating that he had no
"knowledge and understanding" of the charges against him. Second, he refers to
testimony by the arresting officers at the May 14, 2009 plea hearing, stating that Ramsay
was "very aggressive," "disheveled," "belligerent," "threatening" and "incoherent" at the time
of his arrest. Third, Ramsay points to Propps's testimony at the plea hearing that, "about
a year ago," Ramsay "nailed down" her windows and doors so that she could not exit the
house where they were residing. Finally, Ramsay notes that he "rambled incoherently
throughout" his testimony at the plea hearing. Specifically, Ramsay points to his
statements made at the hearing that: (1) he was once a millionaire; (2) he was "confused";
(3) he "lost focus" during the plea proceedings; and (4) he was confined to a mental
institution "in 1987 or '89."

 We do not believe that, based upon the above instances, the trial court abused its
discretion in finding no "bona fide doubt" as to Ramsay's competency. First, Ramsay's
April 30, 2009 letter to the trial court, in which he professed to have no "knowledge and
understanding" of the charges against him, was written over two weeks prior to the plea
hearing. At the plea hearing, on the other hand, Ramsay testified that he understood the
contents of the indictment. The trial court was within its discretion to believe Ramsay's
statement, made under oath, that he understood the charges against him, rather than his
unsworn letter written weeks prior to the plea hearing. Next, the testimony by the arresting
officers and Propps pertained only to Ramsay's behavior at the time of the offense. As
noted by the Texas Court of Criminal Appeals in Montoya, chapter 46B of the code of
criminal procedure "specifies the defendant's present ability" and "past mental-health
issues raise the issue of incompetency only if there is evidence of recent severe mental
illness, at least moderate retardation, or bizarre acts by the defendant." Montoya, 291
S.W.3d at 425 (emphasis in original). The testimony by the arresting officers and Propps,
as well as Ramsay's own testimony that he had once been institutionalized decades ago,
do not establish any recent bizarre acts or mental illness.

 Finally, we agree that Ramsay's testimony at the plea hearing was incoherent at
times. However, he was able to give coherent and relevant answers to questions posed
by the prosecutor and defense counsel at the punishment hearing. Ramsay's assertion
at the outset of the hearing that he was "confused" pertained merely to his mistaken
perception that the State was offering probation as part of a plea bargain offer; the
prosecutor noted that the State had done no such thing, and Ramsay acquiesced to that
explanation. Ramsay did state that he "started to lose focus" during one of the questions
posed by defense counsel; however, he apparently regained his focus enough to answer
the question and continue with his testimony.

 We cannot say that the trial court abused its discretion by finding that these
instances did not give rise to a "bona fide doubt" as to Ramsay's competency to stand trial. 
See id. at 425-26 ("The considerations when evaluating competency to stand trial include
the defendant's level of understanding of the proceeding and ability to consult with counsel
in preparation for the proceeding. Thus, those who observed the behavior of the defendant
at the hearing were in a better position to determine whether she was presently
competent."). Ramsay's second issue is overruled.

B. Withdrawal of Guilty Plea

 By his third issue, Ramsay contends that "[t]he [t]rial [c]ourt abused its discretion by
failing to withdraw [his] guilty plea in light of evidence of [his] innocence." Specifically,
Ramsay points to testimony by himself and by Propps stating that Ramsay was at Propps's
home at her invitation. According to Ramsay, this evidence "raised a significant factual
issue as to whether [he] acted with the required intent."

 Ramsay cites Griffin v. State, in which the Texas Court of Criminal Appeals held that
"[i]n any case where evidence is introduced which reasonably and fairly raises an issue as
to the innocence of the accused and is not withdrawn, the defendant's guilty plea must be
withdrawn and a plea of not guilty must be sua sponte entered by the court." 703 S.W.2d
193, 195 (Tex. Crim. App. 1986). However, the Court has since held that, while a
defendant has a right to withdraw his guilty plea in a timely fashion, the trial court has no
duty to sua sponte withdraw the plea in the absence of such a request. Mendez v. State,
138 S.W.3d 334, 345, 350 (Tex. Crim. App. 2004). That is, if a defendant does not make
a timely request to withdraw his plea, he forfeits his right to complain on appeal that the
trial court should have done it for him. Id. at 350. Here, Ramsay made no request to
withdraw his plea following the testimony which he now claims raises an issue as to his
guilt. (3) Accordingly, he has waived any error. We overrule Ramsay's third issue.

C. Voluntariness of Guilty Plea

 By his fourth issue, Ramsay asserts that his guilty plea was not entered freely,
knowingly and voluntarily. A record indicating that the trial court properly admonished the
defendant about a guilty plea presents a prima facie showing that the guilty plea was made
voluntarily and knowingly. Ex parte Tomlinson, 295 S.W.3d 412, 419 (Tex. App.-Corpus
Christi 2009, no pet.) (citing Martinez v. State, 981 S.W.2d 195, 197 (Tex. Crim. App.
1998)). Under these circumstances, the burden shifts to the defendant to show that he
entered the plea without understanding the consequences. Martinez, 981 S.W.2d at 197;
Arreola v. State, 207 S.W.3d 387, 391 (Tex. App.-Houston [1st Dist.] 2006, no pet.). An
accused who attests when he enters his plea of guilty that he understands the nature of
his plea and that it is voluntary has a heavy burden on appeal to show that his plea was
involuntary. Tomlinson, 295 S.W.3d at 419 (quoting Arreola, 207 S.W.3d at 391).

 The record in the instant case establishes that Ramsay was properly admonished
by the trial court about the consequences of his guilty plea, and that he acknowledged that
he was entering his plea freely, knowingly and voluntarily. To counter this, Ramsay relies
solely on his handwritten April 30, 2009 letter to the trial court in which he stated, among
other things, that he "is 'not' ready for any trial proceedings." However, as noted, this letter
was composed over two weeks prior to the plea hearing, where Ramsay, with advice of
counsel, signed the "Stipulation and Judicial Confession" as well as the admonishments
form. Ramsay has not directed us to anything in the record indicating that, at the time he
entered his plea, he did so involuntarily or without understanding the consequences. He
has therefore not met his "heavy burden on appeal" to show that his plea was involuntary. 
Id. (quoting Arreola, 207 S.W.3d at 391). Ramsay's fourth issue is overruled.

D. Ineffective Assistance of Counsel

 By his first issue, Ramsay argues that his trial counsel provided ineffective
assistance: (1) by failing to request a determination of Ramsay's competency to stand trial;
(2) by failing to "secure [Ramsay's] due process right to adequate notice" by filing a motion
to quash the indictment; (3) by failing to "communicate, secure attendance of witnesses
and secure evidence"; and (4) by failing to relay a plea offer made by the State to Ramsay.

 To establish that his trial counsel was ineffective, Ramsay must show (1) his
attorney's representation fell below an objective standard of reasonableness, and (2) there
is a reasonable probability that, but for his attorney's errors, the result of the proceeding
would have been different. Strickland v. Washington, 466 U.S. 664, 668 (1984);
Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986); Jaynes v. State, 216
S.W.3d 839, 851 (Tex. App.-Corpus Christi 2006, no pet.). Whether this test has been
met is to be judged on appeal by the totality of the representation, not by any isolated acts
or omissions. Jaynes, 216 S.W.3d at 851. The burden is on the appellant to prove
ineffective assistance of counsel by a preponderance of the evidence. Id. Our review of
counsel's representation is highly deferential, and we will find ineffective assistance only
if the appellant overcomes the strong presumption that his counsel's conduct fell within the
wide range of reasonable professional assistance. See Strickland, 466 U.S. at 689;
Jaynes, 216 S.W.3d at 851. Further, the acts or omissions that form the basis of the claim
of ineffective assistance must be evidenced by the record. See Thompson v. State, 9
S.W.3d 808, 814 (Tex. Crim. App. 1999); Jaynes, 216 S.W.3d at 851. In most cases, a
silent record which provides no explanation for counsel's actions will not overcome the
strong presumption of reasonable assistance. Mallett v. State, 65 S.W.3d 59, 63 (Tex.
Crim. App. 2001); Thompson, 9 S.W.3d at 813-14.

 1. Failure to Request Competency Hearing

 First, with respect to counsel's failure to request a competency hearing, we have
already concluded that the trial court did not abuse its discretion by not conducting an
informal inquiry as to Ramsay's competence to stand trial. We further conclude that
Ramsay's trial counsel did not err by failing to request such an inquiry. The record contains
no explanation for counsel's decision not to request an inquiry as to Ramsay's
competence, see Mallett, 65 S.W.3d at 63, and given our "highly deferential" review of
counsel's conduct, see Jaynes, 216 S.W.3d at 851, we cannot conclude that this decision
was objectively unreasonable. See Brown v. State, 129 S.W.3d 762, 767 (Tex.
App.-Houston [1st Dist.] 2004, no pet.) (citing Jackson v. State, 877 S.W.2d 768, 771
(Tex. Crim. App. 1994) ("When the record is silent as to counsel's trial strategy, an
appellate court may not speculate about why counsel acted as he did.")).

 2. Failure to File Motion to Quash Indictment

 Ramsay next contends that his counsel should have filed a motion to quash the
indictment against him because the indictment failed to provide him with adequate notice
of the charges. Specifically, Ramsay notes that the indictment accused him of violating the
protective order at issue by "intentionally and knowingly communicating" with Propps "by
going within 200 yards" of her. According to Ramsay, "[s]ince 'going within 200 yards['] is
not necessarily a means of 'communication,' the [i]ndictment did not provide adequate
notice to prepare a defense . . . ." 

 The sufficiency of an indictment is a question of law and is reviewed de novo on
appeal. Smith v. State, 297 S.W.3d 260, 267 (Tex. Crim. App. 2009). To provide a
defendant with constitutional due process, an indictment must be specific enough to inform
the defendant of the nature of the accusations against him so that he may prepare a
defense; however, this requirement may be satisfied by means other than the language
in the charging instrument. Id. (citing State v. Moff, 154 S.W.3d 599, 601 (Tex. Crim. App.
2004); Kellar v. State, 108 S.W.3d 311, 313 (Tex. Crim. App. 2003)).

 Here, although the indictment was ambiguous, the State would have had the
opportunity to seek another, corrected indictment had a motion to quash been granted. 
See Tex. Code Crim. Proc. Ann. art. 28.10 (Vernon 2006) (providing that a matter of form
or substance in an indictment may be amended if the substantial rights of a defendant are
not prejudiced and if the amendment does not allege an additional or different offense). 
Therefore, Ramsay has not shown that, had his trial counsel filed a motion to quash the
indictment, the outcome of the proceedings would have been different. See Strickland,
466 U.S. at 668. We note also that Ramsay's trial counsel may have been pursuing a valid
trial strategy by declining to alert the State to a defect in the indictment. See Gumpert v.
State, 48 S.W.3d 450, 456 (Tex. App.-Texarkana 2001, pet. ref'd) (noting, in overruling
appellant's ineffective assistance claim, that "[a] successful motion to quash the indictment
would only have left the State free to amend or seek another indictment. Indeed, knowing
this, counsel may well have chosen not to except to the indictment in hopes the State
would not present evidence on the omitted element, thereby defeating its own case"). We
cannot say that Ramsay has met his burden to show that his counsel acted unreasonably
by failing to file a motion to quash the indictment.

 3. Failure to "Communicate, Secure Attendance of Witnesses and Secure
Evidence"


 Ramsay next contends that his trial counsel was ineffective for failing to present
evidence that "the victim failed, when presented with the opportunity, to report the alleged
crime." Specifically, Ramsay argues that he desired to present evidence that Propps
"passed a police substation, a federal courthouse and a Stripes convenience store without
reporting the violation" and that "[s]he waited three hours to report the alleged crime."

 Ramsay has not, however, explained how there is a reasonable probability that the
result of the proceeding would have been different had this evidence been presented. See
Strickland, 466 U.S. at 668. Moreover, there is nothing in the record indicating that
Ramsay had in fact asked his trial counsel to present this evidence. Again, we conclude
that Ramsay has failed to meet his burden to show that his trial counsel failed to provide
reasonable professional assistance.


 4. Failure to Relay Plea Offer

 Ramsay finally argues that his trial counsel was ineffective for failing to advise him
of a plea bargain offer made by the State. A trial counsel's assistance will be deemed
ineffective where counsel fails to timely communicate a plea bargain offer and the
defendant states that he would have accepted the plea bargain offer if he had been
informed of it. State v. Williams, 83 S.W.3d 371, 375 (Tex. App.-Corpus Christi 2002, no
pet.) (citing Ex parte Lemke, 13 S.W.3d 791, 796 (Tex. Crim. App. 2000); Paz v. State, 28
S.W.3d 674, 676 (Tex. App.-Corpus Christi 2000, no pet.)). Here, there is nothing in the
record substantiating Ramsay's claim that the State conveyed a plea bargain offer to his
counsel; and there is nothing in the record indicating that Ramsay would have accepted
such an offer had he been informed of it. Without such evidence, we cannot conclude that
counsel rendered ineffective assistance. See Thompson, 9 S.W.3d at 814; Jaynes, 216
S.W.3d at 851.

 We conclude that Ramsay has not overcome the strong presumption that his trial
counsel's conduct fell within the wide range of reasonable professional assistance. See
Strickland, 466 U.S. at 689; Jaynes, 216 S.W.3d at 851. Ramsay's first issue is therefore
overruled.

III. Conclusion

 Having overruled Ramsay's four issues on appeal, we affirm the judgment of the trial
court.


 ________________________

 DORI CONTRERAS GARZA

 Justice 


Do Not Publish. 

Tex. R. App. P. 47.2(b)

Delivered and filed the 

29th day of July, 2010.
1. We note that, under Young v. State, 8 S.W.3d 656, 667 (Tex. Crim. App. 2000), a valid plea of guilty
waives the right to appeal when the judgment of guilt was rendered independently of, and is not supported
by, the alleged error. For a defendant to have a right to appeal from a guilty plea, there must be a nexus
between the alleged error and the judgment of guilt. See id.; see also Deyon v. State, No. 14-08-01143-CR,
2010 Tex. App. LEXIS 2078, at *6-7 (Tex. App.-Houston [14th Dist.] Mar. 25, 2010, no pet.) (mem. op., not
designated for publication). The State, however, does not raise any argument under Young, and we do not
address it here.
2. We consider Ramsay's issues out of order for the sake of convenience.
3. We note that, even had Ramsay made a timely request to withdraw his guilty plea, Ramsay does
not explain how the testimony he refers to, even if taken as true, would have raised an issue as to whether
he acted with the requisite intent. See Tex. Penal Code Ann. § 25.07(d) (Vernon Supp. 2009) ("Reconciliatory
actions or agreements made by persons affected by an order do not affect the validity of the order or the duty
of a peace officer to enforce this section.").