**Opinion issued November 8, 2012**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-09-00526-CR

———————————

**DAMION DAMONE WILLIAMS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 228th District Court
Harris County, Texas
Trial Court Cause No. 1110589A

## MEMORANDUM OPINION

Appellant, Damion Damone Williams, appeals the trial court's denial of his application for a writ of habeas corpus. *See* TEX. R. APP. P. 31. Appellant's

counsel has filed a motion to withdraw and an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

We grant counsel's motion to withdraw and dismiss the appeal for want of jurisdiction.

## Background

In 2007, appellant pleaded guilty, without an agreed recommendation, to the first-degree felony offense of aggravated robbery.[1] The trial court deferred adjudication and placed appellant on community supervision for five years.

In 2009, the State moved to adjudicate, alleging that appellant had violated the terms of his community supervision by: (1) failing to report, (2) failing to maintain employment, (3) failing to pay court costs, and (4) failing to participate in certain supervision programs. Appellant, who was represented by retained counsel, pleaded "true" to these allegations.

On March 5, 2009, the trial court found the allegations true, found appellant guilty, and assessed punishment at confinement for eight years. The trial court entered an affirmative finding on the use or exhibition of a deadly weapon, namely, a firearm.

On April 4, 2009, appellant filed a motion to reconsider, challenging some, but not all, of the alleged violations. The trial court denied the motion.

---

[1] *See* TEX. PENAL CODE ANN. § 29.03 (West 2011).

2

On April 23, 2009, appellant filed an application for a writ of habeas corpus. Appellant stated, without further discussion, that he "object[ed] to the legal validity of the conviction for which community supervision was imposed" and that he sought relief from "unreasonable conditions of community supervision." The substance of the application, however, focused entirely on challenging the sufficiency of the evidence supporting the revocation. Specifically, appellant asserted that he had not "knowingly or intentionally" violated the terms of community supervision, and he asserted that he had complied, or had attempted to comply, with the terms. Finally, appellant complained that the punishment assessed, that of confinement for eight years, is "excessive and unreasonable."

On May 13, 2009, the trial court denied habeas relief. On June 4, 2009, appellant filed a notice of appeal. *See* TEX. R. APP. P. 31.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and that therefore the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400. The brief reflects that counsel delivered a copy of the brief to appellant and advised appellant of his right to file a pro se response. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Appellant has not filed a pro se response. The State waived its opportunity to file a brief.

## Jurisdiction

Generally, when this Court receives an *Anders* brief from an appellant's appointed counsel, we conduct a review of the entire record to determine whether the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Schulman*, 252 S.W.3d at 408. Here, however, we do not undertake the usual *Anders* analysis because our review reflects that we lack jurisdiction over the appeal.

Appellant appeals the denial of his application for a writ of habeas corpus, which he filed under Code of Criminal Procedure article 11.072. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 (West 2005). Article 11.072 "establishes the procedures for an application for a writ of habeas corpus in a felony or misdemeanor case in which the applicant seeks relief from an order or a judgment of conviction ordering community supervision." *Id.* art. 11.072, § 1.

An application under this article must be filed with the clerk of the court in which community supervision was imposed. *Id.* art. 11.072, § 2(a). "At the time the application is filed, the applicant must be, or have been, on community supervision, and the application must challenge the legal validity of: (1) the conviction for which or order in which community supervision was imposed or (2) the conditions of community supervision." *Id.* art. 11.072, § 2(b). The legislature "intended Article 11.072 to provide the exclusive means by which the district courts

4

may exercise their original habeas jurisdiction . . . in cases involving an individual who is either serving a term of community supervision or who has *completed* a term of community supervision." *Ex parte Villanueva*, 252 S.W.3d 391, 397 (Tex. Crim. App. 2008) (emphasis added).

The statute provides that, "[i]f the application is denied in whole or part, the applicant *may* appeal under Article 44.02 and Rule 31, Texas Rules of Appellate Procedure."[2] TEX. CODE CRIM. PROC. ANN. art. 11.072, § 8 (emphasis added); *see Arreola v. State*, 207 S.W.3d 387, 390 (Tex. App.—Houston [1st Dist.] 2006, no pet).

"[T]he jurisdiction of a court to consider an application for writ of habeas corpus is determined at the time the application is filed." *Kniatt v. State*, 206 S.W.3d 657, 663 (Tex. Crim. App. 2006). The record before us reflects that appellant filed his application in the trial court *after* the trial court had adjudicated him guilty of a felony offense. "After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of

---

[2] Article 44.02 provides that "[a] defendant in any criminal action has the right of appeal under the rules" thereinafter prescribed, with certain conditions. TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006). Rule of Appellate Procedure 31 governs the procedure in an appeal from a habeas corpus proceeding in a criminal case. TEX. R. APP. P. 31.

guilt had not been deferred." TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West 2006).

Article 11.07 is the "exclusive" means to challenge a felony conviction imposing a penalty other than death, as here. TEX. CODE. CRIM. PROC. ANN. art. 11.07, § 5 (West Supp. 2012) (providing that "[a]fter conviction, the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner"); *Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995). An application for a writ of habeas corpus filed after a felony defendant has been adjudged guilty and sentenced to a term of confinement is properly filed with the trial court, but "must be made returnable" to the Court of Criminal Appeals. *See* TEX. CODE. CRIM. PROC. ANN. art. 11.07, § 3(a). In an article 11.07 writ proceeding, the trial court does not grant or deny relief; rather, the trial court makes findings of fact and transmits those findings to the Court of Criminal Appeals. *Id.* art. 11.07, § 3(d). The Court of Criminal Appeals then determines whether to grant relief. *See id.* art. 11.07, § 5. Because the jurisdiction of the Court of Criminal Appeals over such writs is exclusive, there is no role for a court of appeals. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); *In re Briscoe*, 230 S.W.3d 196, 196 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding).

Because appellant brought his application *after* the trial court had adjudicated him guilty of a felony offense, this Court does not have jurisdiction to review the trial court's ruling on the application. *See* TEX. CODE. CRIM. PROC. ANN. art. 11.07, § 5; *Ater*, 802 S.W.2d at 243; *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding).

Accordingly, we grant counsel's motion to withdraw and dismiss the appeal for want of jurisdiction.[3]   Attorney Dionne S. Press must immediately send the notice required by Texas Rule of Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk of this Court.  *See* TEX. R. APP. P. 6.5(c).

## PER CURIAM

Panel consists of Justices Jennings, Higley, and Sharp.

Do not publish.  TEX. R. APP. P. 47.2(b).

---

[3]   Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See In re Schulman*, 252 S.W.3d 403, 411 (Tex. Crim. App. 2008); *Stephens v. State*, 35 S.W.3d 770, 771–72 (Tex. App.—Houston [1st Dist.] 2000, no pet.).

7