## JAMAIL v. UNITED STATES.

Circuit Court of Appeals, Fifth Circuit.
January 21, 1930.

No. 5544.

Louis J. Dibrell, of Galveston, Tex., for appellant.

H. M. Holden, U. S. Atty., of Houston, Tex. (H. M. Holden, U. S. Atty., and Howell Ward, Asst. U. S. Atty., both of Houston, Tex., on the brief), for the United States.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. The appellant was convicted under the second and third counts of the indictment. The first count charged that at a time and place stated appellant unlawfully and knowingly received, transported, concealed, and facilitated the transportation and concealment of described intoxicating liquors which had lately before been unlawfully brought into the United States; that fact being well known to appellant. The second count charged that at the same time and place appellant did knowingly, willfully, and contrary to law maintain a house and place as a common nuisance where intoxicating liquor, fit and intended for beverage purposes, was unlawfully sold and kept for sale. The third count charged that appellant, at the same time and place, did unlawfully, knowingly, and willfully possess intoxicating liquor fit and intended for beverage purposes. When the case was called in open court prior to the arraignment of the appellant before the jury, the appellant pleaded guilty to the third count. When he was arraigned before the jury, through his counsel he pleaded not guilty to the indictment, including the third count. Thereupon the court stated to the jury that previously appellant had pleaded guilty to the third count, and stated further that the court would allow appellant to withdraw that plea upon the condition that it is stated to the jury that he had pleaded guilty to the third count. Exceptions were reserved to the above-mentioned action of the court.

The action of the court in making known to the jury for its consideration the fact that appellant had pleaded guilty to the third count was inconsistent with its action in permitting the withdrawal of that plea and the substitution of a plea of not guilty. The effect of permitting the withdrawal of the plea of guilty was an adjudication that that plea be held for naught. When that plea was annulled, it ceased to be evidence.

Under the issues upon which the case was submitted to the jury evidence of the fact that previously appellant had pleaded guilty to the third count was not admissible. Kercheval v. United States, 274 U. S. 220, 47 S. Ct. 582, 71 L. Ed. 1009.

To sustain the charges contained in the several counts of the indictment, the prosecution offered evidence as to finding in a room of an apartment rented and used by the appellant and another man an assortment of intoxicating liquors fit for beverage purposes, and as to circumstances indicating that those liquors were of foreign origin. The court instructed the jury to find the appellant not guilty on the second count. It cannot reasonably be inferred that the disclosure of the fact that appellant had pleaded guilty to the charge of unlawfully possessing intoxicating liquor at the time and place referred to in the above-mentioned evidence was without influence with the jury in its consideration of the charge contained in the first count of the indictment. We think the record shows that substantial rights of the accused were prejudicially affected by the disclosure to the jury of the fact that before his plea of not guilty was accepted he had pleaded guilty to the third count of the indictment.

The judgment is reversed.