John Albert CAMMACK, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–81–00962–CR.

Court of Appeals of Texas, Dallas.

Jan. 10, 1983.

William A. Bratton, III, Dallas, for appellant.

Henry Wade, Dist. Atty., Kathi Alyce Drew, Asst. Dist. Atty., for appellee.

Before STEPHENS, WHITHAM and GUILLOT, JJ.

WHITHAM, Justice.

Appellant appeals from a conviction for attempted murder. The court assessed punishment at three years in the Department of Corrections. In his sole ground of error, appellant contends that the evidence is insufficient to support the conviction. We disagree. We conclude that appellant's judicial confession was in evidence and that the confession supports the conviction. Accordingly, we affirm.

On the first day of trial, May 28, 1981, the appellant entered a plea of nolo contendere to the indictment and signed the following sworn judicial confession:

I judicially confess that on the 15th day of August, 1980, in Dallas County, Texas, I did knowingly and intentionally with the intent to commit the offense of murder, attempt to cause the death of Corsell Kise by shooting the said Corsell Kise with a firearm; said act amounting to more than mere preparation that tended but failed to effect the commission of the offense intended.

The court admitted the confession into evidence and proceeded to hear testimony. This was not a case where a punishment agreement had been arrived at between appellant and the State by a plea bargain.

The docket sheet shows the court found appellant guilty on May 28, 1981, although the State was still in the process of putting on its case. When the court recessed that day the case was continued to June 26, 1981. When the court recessed on June 26, the case was continued to August 7, 1981, at which time the appellant was permitted to change his plea to not guilty. When trial resumed on August 7, the court continued the trial at the stage of the proceedings when the court recessed on June 26. The appellant was being cross-examined when the court recessed on June 26 and when proceedings commenced on August 7, the appellant returned to the stand and the State's cross-examination continued. The case was then continued from August 7 to September 10, 1981, at which time the court again found the appellant guilty.

Appellant argues that the trial court's action allowing him to change his plea constitutes an automatic recanting of his judicial confession since it was signed as a part of a form waiver of rights and signed as an incident to appellant's initial plea. Appellant also argues that his testimony at trial constitutes an automatic recanting of his judicial confession. Moreover, we are cognizant of the holding by the Court of Criminal Appeals that "[T]he decision to allow appellant to withdraw his plea weeks after he had been adjudged guilty was within the trial court's discretion; however, the effect of the trial court's action was to grant the appellant a new trial." *Parker v. State,* 626 S.W.2d 738 (Tex.Cr.App.1982).

We conclude, however, that under the facts of this case appellant's change in plea does not remove his judicial confession from the evidence in the case in which he was convicted. The change in plea does not expunge from the record in this case any of the admitted evidence, including the judicial confession, introduced commencing May 28.

The present case does not involve a situation where the existence of a withdrawn plea of guilty is placed in evidence before the jury. Such a practice has been cause for reversal. *See Jamail v. United States,* 37 F.2d 576 (5th Cir.1930) in which the trial court permitted withdrawal of a plea of guilty, allowed substitution of the plea of not guilty, and made known to the jury for its consideration the fact that appellant had plead guilty. In *Jamail* the plea of guilty was erroneously introduced in evidence. In the present case, however, the record contains documentary evidence signed by appellant and reading as above quoted which appellant never sought to have stricken from the record and which appellant was not required by law to sign as a part of his plea of nolo contendere.

However, we do find *Wilson v. State,* 515 S.W.2d 274 (Tex.Cr.App.1974) and *Chavez v. State,* 508 S.W.2d 384 (Tex. Cr.App.1974) to be instructive. In *Wilson* the defendant moved to change his plea from guilty to not guilty. The court denied the motion and further evidence was adduced. While finding error in the denial of the motion to change the plea, the Court of Criminal Appeals determined the error to be harmless because defendant took the stand, made a judicial confession, a written judicial confession was placed in evidence and the evidence of guilt was overwhelming. Thus, the Court of Criminal Appeals treated the tendered plea of not guilty and the confession as separate and distinct acts on the part of the defendant. We conclude, therefore, that in the present case the plea of nolo contendere and the confession are separate and distinct acts on appellant's part. In *Chavez* the accused plead guilty at his first trial, made a judicial confession and was assessed the death penalty. On retrial the accused plead not guilty and on appeal contended that the evidence was insufficient. The court held that the accused's judicial confession from the first trial, and in evidence in the second, was sufficient evidence. Thus, it is clear that a change in plea from guilty to not guilty does not also retract a judicial confession nor render it inadmissible. We hold, therefore, that an accused's change in plea from nolo contendere to not guilty does not constitute an automatic recanting of a judicial confession made by the accused as an incident to the accused's initial plea. We further hold that an accused's change in plea

from nolo contendere to not guilty does not expunge his signed confession from the record of admitted evidence although made at the time of his plea of nolo contendere and as an incident to that plea.

■ Moreover, we assume, without deciding, that appellant's testimony contradicts his confession; however, we also conclude that this contradiction does not remove his confession from the evidence in the case in which he was convicted. We hold that an accused's testimony contradicting a prior written confession admitted into evidence does not expunge that written confession from the record of admitted evidence. *Cf. Murray v. State,* 505 S.W.2d 589 (Tex.Cr. App.1974) in which the accused in his testimony contradicted his written confession as to the time of day he was present in deceased's apartment. The court held the evidence of time of day found in his confession sufficient to support the conviction.

Further, we conclude that while technically there may have been a new trial granted in this cause, the record in this appeal is a combination of both "trials." If a "new trial" commenced on August 7, then on this record it appears that the State, the appellant and the trial court adopted by consent the record made on May 28, and on June 26, in the "first trial" and made the record of those two days a part of *the record* in this appeal from appellant's conviction.

■ In the present case we have a situation in which appellant's guilt was determined on a record that commenced May 28. Appellant brought that record before us. Appellant relies on testimony given on June 26 to urge reversal. None of the evidence in that record ceased to exist merely because appellant changed his plea or by testimony contradicted his written confession in evidence. The record contains his confession. That confession admits the facts above quoted. That admission is sufficient to sustain the conviction. Appellant's ground of error is overruled.

Affirmed.