ACCEPTED
01-15-00444-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
10/12/2015 1:58:20 PM
CHRISTOPHER PRINE
CLERK

## No. 01-15-00444-CR, 01-15-00445-CR, 01-15-00446-CR

In the
**Court of Appeals**
For the
**First District of Texas**
At Houston

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

10/12/2015 1:58:20 PM

CHRISTOPHER A. PRINE
Clerk

————————◆————————

**No. 1378279, 1458347, 1458348**
In the 230th District Court
Of Harris County, Texas

————————◆————————

**BRANDON TODERICK JOHNSON**
*Appellant*
V.
**THE STATE OF TEXAS**
*Appellee*

————————◆————————

STATE'S APPELLATE BRIEF

————————◆————————

**DEVON ANDERSON**
District Attorney
Harris County, Texas

**KIMBERLY APERAUCH STELTER**
Harris County Criminal Justice Center
1201 Franklin, Suite 600
Houston, Texas 77002
Telephone: 713.755.5826
stelter_kimberly@dao.hctx.net
State Bar Number: 19141400

**LISA CALLIGAN**
Assistant District Attorney
Harris County, Texas

ORAL ARGUMENT NOT REQUESTED

## STATEMENT REGARDING ORAL ARGUMENT

State believes that the matters raised by the appellant are well-settled, and that the briefs in this case adequately apprise this Court of the issues and the law. Therefore, the State does not request oral argument.

## IDENTIFICATION OF THE PARTIES

Pursuant to Texas Rule of Appellate Procedure 38.2(a)(1)(A), a complete list of the names of all interested parties is provided below.

*Counsel for the State:*

**Devon Anderson** — District Attorney of Harris County

**Kimberly Aperauch Stelter** — Assistant District Attorney on appeal

**Lisa Calligan** — Assistant District Attorney at trial

*Appellant and counsel:*

**Brandon Toderick Johnson** — Appellant

**Thomas J. Lewis** — Counsel on appeal

**Jerome Godinich** — Defense counsel at trial

*Trial Judge:*

**Honorable Brad Hart** — Judge Presiding

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT ...................................................i

IDENTIFICATION OF THE PARTIES .........................................................i

TABLE OF CONTENTS......................................................................ii

INDEX OF AUTHORITIES ................................................................. iii

STATEMENT OF THE CASE.................................................................1

STATEMENT OF FACTS ...................................................................2

SUMMARY OF THE ARGUMENT ...........................................................5

REPLY TO APPELLANT'S FIRST AND SECOND ISSUES PRESENTED ........5

PRAYER .................................................................................15

CERTIFICATE OF SERVICE ..............................................................16

CERTIFICATE OF COMPLIANCE.........................................................17

# INDEX OF AUTHORITIES

## CASES

*Aldrich v. State*,
104 S.W.3d 890 (Tex. Crim. App. 2003)..................................................................14

*Arreola v. State*,
207 S.W.3d 387 (Tex. App.
–Houston [1st Dist.] 2006, no pet.)............................................................. 12, 15

*Brewer v. State,*
No. 1270–03, 2004 WL 3093224 (Tex. Crim. App., 2004) (opin. not
designated for publication)........................................................................16

*Brown v. State*,
11 S.W.3d 360 (Tex. App. –
Houston [1st Dist.]2000, pet. ref'd) ..........................................................14

*Cammack v. State,*
645 S.W.2d 866 (Tex. App.—
Dallas 1983, pet. ref'd) ...............................................................................17

*Dinnery v. State,*
592 S.W.2d 343 (Tex. Crim. App. 1979) (op. on reh'g) .........................15

*Dusenberry v. State,*
915 S.W.2d 947 (Tex. App.
—Houston [1st Dist.] 1996, pet. ref'd) ......................................................13

*Edwards v. State,*
921 S.W.2d 477 (Tex. App.
—Houston [1st Dist.] 1996, no pet.) ..........................................................12

*Jackson v. State*,
2014 WL 6462391(Tex. App. –
Houston [14th Dist.] 2014, pet. ref'd )(opin. not designated for publication)
........................................................................................................................16

*Johnson v. State*,
  6 S.W.3d 709 (Tex. App.
  –Houston [1st Dist.]1999, pet. ref'd)......................................................17

*Martinez v. State,*
  981 S.W.2d 195 (Tex.  Crim. App. 1998) ...............................................12

*Moon v. State,*
  572 S.W.2d 681 (Tex. Crim. App. 1978)................................................14

*Rollerson v. State*,
  227 S.W.3d 718 (Tex. Crim. App. 2007)................................................17

*Staggs v. State*,
  314 S.W.3d 155 (Tex. App.—
  Houston [1st Dist.] 2010, no pet.) .........................................................15

*Stewart v. State*,
  12 S.W.3d 146 (Tex. App. –
  Houston [1st Dist.] 2000, no pet.) .........................................................15

*Woods v. State*,
  398 S.W.3d 396 (Tex. App. –
  Texarkana 2013, pet. ref'd)...................................................................16

## STATUTES

TEX. CODE CRIM. PROC. art. 1.15 ............................................................12
TEX. PENAL CODE § 7.01 ........................................................................13

## RULES

TEX. R. APP. P. 38.2(a)(1)(A) ...................................................................i

**TO THE HONORABLE COURT OF APPEALS:**

## STATEMENT OF THE CASE

Appellant was charged by indictment with capital murder and two aggravated robberies, all alleged to have been committed within a period of one month (CR1 17, CR2 4, CR3 4).[1]  The State reduced the capital murder charge to aggravated robbery, and appellant plead guilty to all three aggravated robberies without an agreed recommendation (CR1 142, CR2 12, CR3 7).  After the completion of a presentence investigation report (PSI), the court sentenced appellant to 40 years in the Institutional Division of the Texas Department of Criminal Justice (CR1 153, CR2 21, CR3 21). Appellant filed notice of appeal, and the court certified his right to appeal (CR1 149, 156, CR2 24-26, CR3 24-26).

———————◆———————

---

[1] The record consists of a one volume clerk's record in each case and a two volume reporter's record, which all three cases share. The clerk's record in cause No. 1378279 (a capital murder case, reduced to an aggravated robbery against Hamid Waraich at a Boost Mobile store which occurred on February 18, 2013) will be referred to as CR1.  The clerk's record in cause No. 1458347, (another aggravated robbery, this time against Sirajuddin Hudani, which occurred on February 7, 2013), will be referred to as "CR2.  The clerk's record in cause number 1458348 (another aggravated robbery of Jose Salas, the manager of a McDonalds, as he made his bank deposit, which occurred on January 22, 2013), will be referred to as CR3.

**1) Cause No. 1378279, capital murder reduced to aggravated robbery, committed February 18, 2013.**

On February 18, 2013, Johntay Gibson, Eric Washington, and appellant were involved in the robbery of a Boost Mobile cell phone store (State's Exhibit 2).[2] Gibson and Washington entered the store wearing masks and all black. Washington guarded the door and robbed a customer while Gibson ordered the owners of the store to lie on the floor and emptied the cash register. Washington then fired his gun once, shooting Hamid Wariach, one of the owners of the store, in the back and killing him. Gibson and Washington ran out of the store and escaped in the getaway car driven by appellant, who had been waiting for them.

The police investigation eventually led to Jermaine Green, the owner of the car used during the robbery, who told police that he knew Gibson, Washington and appellant used his car to "hit a lick." Washington also gave a statement naming Gibson as the shooter and appellant as the getaway driver.

Appellant was untruthful in his initial conversations with the police and tended to minimize his involvement in the offense. After being charged with

---

[2] The next three paragraphs, detailing the offense and appellant's confession, come from page 1-2 of the Pre-sentence Investigation (PSI) report entered into evidence at appellant's sentencing hearing.

the capital murder, however, appellant gave a statement admitting that he was the driver, that he knew Gibson and Washington were going to rob the store, and that Gibson got in the car after the robbery and admitted to shooting the owner of the store. A safe was also found in appellant's apartment containing bullets matching the same caliber as that used in the murder, a ski mask, a bandana, and an offender card and other identification belonging to Gibson.

## 2) Cause No. 1458347, aggravated robbery committed February 7, 2013

At 3:10 p.m. on February 7, 2013, two men robbed a different Boost Mobile store (State's Exhibit 2).[3] One of the men stood guard at the door while the other pistol whipped and forced Sirajuddin Hudani to open the store safe. The two men took $600 cash, several cell phones, and Hudani's credit cards. Approximately an hour later, at 4:28 and 4:30, one of Hudani's credit cards was used at a Wal-Mart. Surveillance video showed appellant and Gibson using the card. Witness Joseph Davis told police that he met Gibson and appellant at the Wal-Mart that day where they told Davis about

---

[3] The next paragraph, detailing the offense comes from pages 3-4 of the Pre-sentence Investigation (PSI) report entered into evidence at appellant's sentencing hearing. See State's Exhibit No. 2.

"having just hit a lick." In addition, a search of appellant's apartment turned up two of the cell phones taken during this aggravated robbery.

### **3) Cause No. 1458348, aggravated robbery committed January 22, 2013**

On January 22, 2013, Jose Salas was leaving the McDonalds he managed to deposit the restaurant's earnings in the bank when he was robbed and pistol whipped (State's Exhibit No. 2).[4] The robbers got away with around $20,000 in cash. Appellant, an assistant manager at the McDonald's, knew that the aggravated robbery was occurring and was the lookout for the robbers. He told police that his job was to let the robbers know if the police had been called (he was at work at the McDonald's at the time of the offense). Appellant received $2,000 for his participation in the crime.

———————◆———————

---

[4] The next paragraph, detailing the offense, comes from pages 3-4 of the Pre-sentence Investigation (PSI) report entered into evidence at appellant's sentencing hearing. See State's Exhibit No. 2.

## SUMMARY OF THE ARGUMENT

Appellant's pleas of guilty were voluntarily made. Appellant was properly admonished in writing and by the trial court on the record, and presented no evidence to indicate that he was unaware of the consequences of his pleas. Appellant's guilty pleas were also supported by the evidence. Appellant's judicial confessions and his statements to the judge, along with the explanation of the offenses presented in the PSI, provided sufficient evidence to support his pleas of guilty.

———————◆———————

## REPLY TO APPELLANT'S FIRST AND SECOND ISSUES PRESENTED

Appellant argues in his first issue that his pleas of guilty to these three offenses were involuntary because he "lacked the necessary understanding of the nature and consequences of his plea." (appellant's brief, p 4). In a related point of error, appellant argues that the evidence was insufficient to support his pleas of guilty. A review of the plea papers and appellant's statements at

the plea and sentencing hearings, however, indicate that appellant's pleas were both voluntarily made and supported by the evidence.

## A.  The circumstances of appellant's pleas

At the time appellant entered his pleas of guilty he was charged with participating in three aggravated robberies (one of which was reduced from a capital murder), all of which occurred within a period of one month (RR1 3). Appellant plead guilty to all three aggravated robberies and agreed to be sentenced by the trial court after the completion of a PSI (CR 143, RR1 3).

Appellant signed plea papers where he confessed that the allegations stated in the indictments were true and that he committed the crimes on the alleged dates (CR1 143, CR2 12, CR3 7). He also initialed all the written admonishments explaining what rights he was waiving, the consequences of his pleas, and acknowledging that his pleas were "freely and voluntarily made." (CR1 142-147, CR2 11-17, CR3 6-12).

The trial court orally admonished appellant as to his rights and the effect of his signing the plea papers and asked him if, understanding that he could receive anywhere from deferred adjudication to life in prison, he still wished to go forward with his plea of guilty (RR1 3-7).  Appellant stated that he did (RR1 7). The trial court then asked defense counsel whether he had

6

reviewed all the paperwork with appellant, answered all his questions, and believed that appellant was competent to enter these pleas (RR1 7). Counsel replied that appellant was competent and cooperative, and that together they had reviewed the offense reports, the transcript of co-defendant's capital murder trial (concerning the aggravated robbery of Hamid Waraich) and the transcript of appellant's statement that he had given to the police (RR1 8). The trial court then went on to admonish appellant as to the effect of his having signed the plea papers in these cases:

> THE COURT: Okay, now even though you're pleading guilty in each of these offenses, the State still must present some evidence of your guilt. They do that by signing all these sets of papers along with you and your attorney. These first pages of each of these are called waivers of constitutional rights, agreement to stipulate and judicial confession. They each tell you what your rights are that we've talked about and what you're charge[d] with.
>
> The next page to each of these -- and I'm going to show them each to you --- says that you're asking the Court to assess your punishment after we do the sentencing hearing. And then it has your signature.
>
> Are those your signatures?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And is this your signature here also?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: All right. Did you understand by signing each of these that you were giving up those rights and admitting to each of these aggravated robberies?

THE DEFENDANT:  Yes, sir.

THE COURT:  The pages after that in each of these offenses are admonishments which explains [sic] everything to you in writing. Are those your initials there?

THE DEFENDANT:  Yes, sir.

[THE STATE]: Offer State's 1 in each case, Your Honor.

[DEFENSE COUNSEL]  No objections, Your Honor.

THE COURT:  All right, No objection, they will each be admitted.  Based upon your pleas of guilty in each of these offenses, I will find there's sufficient evidence to find you guilty of aggravated robbery in each of these offenses.

(RR1 9-11).

The trial court let appellant know that he was withholding making a finding of guilt until the sentencing hearing, at which time he would review the PSI and make a determination as to punishment (RR1 11).

At the sentencing hearing, the State introduced the PSI into evidence as State's Exhibit No. 2 (RR2 6).  Appellant had no objection to this report (RR2 6).  Defense counsel also provided letters to the court written on appellant's behalf, as well as a handwritten letter by appellant where he accepted responsibility for his actions (RR2 5-6).[5] After reviewing all the evidence and

---

[5] While the PSI is included in volume 2 of the Court Reporter's record as exhibit 2, the letters submitted by defense counsel are not included in the appellate record and were not introduced as exhibits by the defense.

8

hearing oral argument from both sides (where defense counsel emphasized that appellant had finally taken responsibility for his actions), the court found appellant guilty of all three aggravated robberies and sentenced him accordingly (RR2 7, 12).

## B. Appellant's pleas were voluntary

A record which indicates that the trial court properly admonished the defendant presents a prima facie showing that the guilty plea was made voluntarily and knowingly. *See Martinez v. State,* 981 S.W.2d 195, 197 (Tex. Crim. App. 1998);*Arreola v. State,* 207 S.W.3d 387, 391 (Tex. App. –Houston [1st Dist.] 2006, no pet.). When the State presents such a record, the burden shifts to the defendant to show that he entered the plea without understanding the consequences. *Id.,* at 391; *Edwards v. State,* 921 S.W.2d 477, 479 (Tex. App.—Houston [1st Dist.] 1996, no pet.). When considering the voluntariness of a guilty plea, the entire record should be considered. *Martinez v. State,* at 197. An accused who attests when he enters his plea of guilty that he understands the nature of his plea and that it is voluntary has a heavy burden on appeal to show that his plea was involuntary. *Id.; Dusenberry v. State,* 915 S.W.2d 947, 949 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd).

Appellant gave no indication at either hearing that he did not understand the consequences of his plea of guilty to these offenses. Appellant, however, argues that his pleas were involuntary based on the fact that, when discussing his role to the Court in the aggravated robbery of Hudani, he was less than forthcoming in admitting his complete role in the offense, and questioned why he could be guilty for just using a stolen credit card that he knew had been taken in an aggravated robbery (RR1 21-23). From this testimony, appellant argues that he did not understand the consequences of his plea.

In fact, appellant would not be guilty of aggravated robbery if only using a credit card he knew to be stolen was the extent of his involvement in the offense. However, the facts of the offense as explained in the PSI establish that appellant's involvement in the aggravated robbery of Hudani at the Boost Mobile store was greater than just using a stolen credit card. As the State mentioned in the plea proceeding, Davis told police that appellant and Gibson told him they had "just hit a lick" at the time they used the credit card (RR1 23, State's Exhibit No. 2, p 4). The police also found cell phones stolen during that aggravated robbery in appellant's apartment (State's Exhibit No. 2, p 4).

Furthermore, as appellant himself acknowledges, simply because a defendant's subsequent testimony conflicts with his judicial confession, the trial court is not required to sua sponte withdraw his plea of guilty or hold a hearing to determine whether a defendant's plea is voluntary. *Moon v. State,* 572 S.W.2d 681, 682 (Tex. Crim. App. 1978) (holding judge was not required to withdraw defendant's plea of guilty supported by judicial confession when evidence introduced by defendant raised issue of his being guilty of a lesser offense); *Aldrich v. State,* 104 S.W.3d 890, 893 (Tex. Crim. App. 2003) (finding court not required to determine voluntariness of plea of guilty supported by judicial confession when defendant's subsequent testimony raised defensive issue); *Brown v. State*, 11 S.W.3d 360, 362-63 (Tex. App. –Houston [1st Dist.]2000, pet. ref'd)(holding trial court not required to withdraw guilty plea *sua sponte* when evidence is adduced that either makes the defendant's innocence evident or raises an issue as to guilt).

At no time during the initial hearing where appellant pled guilty or at the subsequent hearing where appellant was found guilty and sentenced did he ever attempt to withdraw his pleas of guilty or indicate that he did not understand the consequences of his pleas. Throughout both proceedings appellant's position was that he wished to be sentenced by the court for his involvement in all three crimes. This was the position advanced by defense

counsel as well, when he argued that appellant had finally taken responsibility for his actions (RR2 8). Appellant has failed to meet his burden of proof to show that he made his pleas of guilty without understanding the consequences of his pleas. *Arreola v. State*, 207 S.W.3d at 393.

## C. The evidence is sufficient to support appellant's pleas of guilty.

Texas Code of Criminal Procedure article 1.15 requires the State "to introduce evidence into the record showing the guilt of the defendant…." TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005). A judicial confession, standing alone, is sufficient evidence to establish guilt and sustain a guilty plea. *Dinnery v. State,* 592 S.W.2d 343, 354 (Tex. Crim. App. 1979) (op. on reh'g); *Staggs v. State*, 314 S.W.3d 155, 158-60 (Tex. App.—Houston [1st Dist.] 2010, no pet.) *Stewart v. State*, 12 S.W.3d 146, 148 (Tex. App. –Houston [1st Dist.] 2000, no pet.) A judicial confession may take the form of an affirmative acknowledgment by the defendant that allegations in the indictment are true and correct. *Dinnery* at 352; *Stewart* at 148.

In the instant case, appellant confessed in his plea papers that the allegations in the indictments were true and that he committed the offense on the alleged dates. Appellant also admitted before the court that he was

pleading guilty because he was guilty of each of the offenses (RR1 4). *See Dinnery,* 592 S.W.2d at 352 (holding testimony by the appellant that the indictment was "true and correct" was tantamount to a statement that all the allegations of the indictment were true and correct and was a judicial confession); *Woods v. State*, 398 S.W.3d 396, 400-01 (Tex. App. –Texarkana 2013, pet. ref'd) (holding defendant's answer that allegations in indictment were true sufficient to constitute judicial admission of commission of offense).

Finally, the PSI entered into evidence also provided proof of the facts of these cases and the extent of appellant's involvement in the crimes. *See Brewer v. State,* No. 1270–03, 2004 WL 3093224, at *2–3 (Tex. Crim. App., 2004) (opin. not designated for publication) (finding PSI report can be used for purposes of finding enhancement allegations true). *Jackson v. State*, 2014 WL 6462391, at *2-3 (Tex. App. –Houston [14th Dist.] 2014, pet. ref'd )(opin. not designated for publication) (same); *See also, Stewart,* at 148-49 (holding evidence introduced at punishment phase of trial can support plea of guilty).

Appellant ignores all the evidence supporting the trial court's finding of guilt and focuses solely on appellant's testimony to the court about the extent of his involvement in each offense, as if this is the only evidence which can be considered.  Yet even this evidence would be a sufficient basis in itself for

13

finding that appellant was guilty of at least two of the aggravated robberies; appellant admitted his guilt as a party in the Waraich robbery when he acknowledged being the getaway driver for Gibson and Washington after knowing they had robbed and shot Waraich and confessed that in the robbery of Salas he acted as a lookout and received $2,000 for his participation (RR 1 13-15, 18-20). *See* TEX. PENAL CODE § 7.01, 7.02; *Johnson v. State*, 6 S.W.3d 709, 711 (Tex. App. –Houston [1st Dist.]1999, pet. ref'd)(finding defendant guilty as party to aggravated robbery when she drove getaway car and knew co-defendant had deadly weapon); *Rollerson v. State*, 227 S.W.3d 718, 726 (Tex. Crim. App. 2007) (finding appellant guilty of burglary as a party even if he was only a "lookout."). The fact that appellant minimized his involvement in the third aggravated robbery he committed when he claimed only to use a stolen credit card did not negate the fact that he admitted guilt for this offense in his plea papers and in open court. *See Cammack v. State,* 645 S.W.2d 866, 869 (Tex. App.—Dallas 1983, pet. ref'd) (holding that testimony from defendant contradicting his written confession did not make his confession insufficient to support his guilty plea).

In short, the plea papers, appellant's statements to the court, and the evidence at the punishment hearing all support the finding that appellant's pleas were voluntarily made and that there was sufficient evidence to

14

support all three findings of guilt. Appellant's two issues presented are without merit and should be overruled.

## **PRAYER**

The State respectfully requests that this Court affirm the judgment of the trial court.

**DEVON ANDERSON**
District Attorney
Harris County, Texas


/s/Kimberly Aperauch Stelter

**KIMBERLY APERAUCH STELTER**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-5826
State Bar Number: 19141400
Stelter_kimberly@dao.hctx.net

15

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing instrument is being served

by EFileTXCourts.Gov e-filer to the following email address


Thomas J. Lewis
Attorney at Law
1602 Washington Ave.
Houston, Texas  77007
Tjlaw2@comcast.net


/s/Kimberly Aperauch Stelter

**KIMBERLY  APERAUCH STELTER**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-5826
State Bar Number: 19141400
stelter_kimberly@dao.hctx.net

# CERTIFICATE OF COMPLIANCE

The undersigned attorney certifies that this computer-generated document has a word count of **3,782** words, based upon the representation provided by the word processing program that was used to create the document.

/S/*Kimberly Aperauch Stelter*

**KIMBERLY APERAUCH STELTER**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002-1923
(713) 755-5826
TBC No. 19141400
stelter_kimberly@dao.hctx.net